THE STATE, *Appellant*, v. TAYLOR *et al.*

Division Two, June 27, 1893.

1. **Criminal Law**: SELLING FORGED DRAFT: INDICTMENT.  An indictment under Revised Statutes, 1889, sections 3633-4, for feloniously selling and delivering a forged draft, need not charge that the act was done with a felonious intent to have the draft uttered or passed.

2. ———: ———: ———.  Mere surplusage will not vitiate an indictment.

*Appeal from Linn Circuit Court.*

REVERSED AND REMANDED.

The trial court held upon demurrer thereto the following count to an indictment insufficient, to-wit:

"And the grand jurors aforesaid, upon their oaths aforesaid, do further present and charge that George E. Taylor, *alias* J. T. Gash, and Wm. P. Taylor on the seventh day of February, 1890, at the county of Adair, in the state of Missouri, did falsely, fraudulently and feloniously sell, exchange and deliver, for the consideration of two thousand dollars, to the First National Bank of Kirksville, in the state of Missouri, a bank duly incorporated under the laws of the United States, as true a certain falsely made and forged draft, purporting to be made and issued by the Browning Savings Bank, a bank duly incorporated under the general laws of the state of Missouri, and purporting to be drawn on the Laclede Bank, St. Louis, Missouri, a bank then and there duly incorporated under the laws

of the state of Missouri, which said last mentioned, falsely made and forged draft is as follows, to-wit:

"$2,000.00.      Browning Savings Bank.

"$2,000.00.                BROWNING, Mo., Jan. 3, 1890.

"Pay to the order of J. T. Gash,

"Two Thousand Dollars.

"To Laclede Bank,                W. T. PRATHER,

"St. Louis.                               Cashier.

"No. 8310."

(With intent to defraud the said First National Bank of Kirksville, in the state of Missouri, out of the sum of two thousand dollars); and the said George E. Taylor, *alias* J. T. Gash, and Wm. P. Taylor, at the time when they so sold, exchanged and delivered the said last mentioned, forged and falsely made draft as aforesaid, then and there on the seventh day of February, 1890, well knowing the same to be falsely made and forged with intent to have the same passed contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state." Thereupon the state appealed. The grounds of the demurrer were:

*First.* Because said count in said indictment does not state facts which constitute any offense under the law. *Second.* Because said second count does not charge that the act of selling or uttering the alleged forged instrument was with a felonious intent.

*R. F. Walker,* Attorney General, for the state.,

The court erred in sustaining defendant's motion to quash the second count in the indictment. It charges the act of selling, exchanging and delivering the forged draft to have been done falsely, fraudulently and feloniously. It follows the language of the statute under which it is drawn. This is sufficient. Sections 3633,

3634, R. S. 1889; *State v. Watson*, 65 Mo. 115; *State v. Yerger*, 86 Mo. 33; *State v. Flora*, 109 Mo. 293; 3 Greenleaf on Evidence, sec. 104. The judgment should be reversed and the cause remanded. -

*Huston & Parrish* for respondents.

The indictment was doubtless drawn on sec. 3646, R. S. 1889, under which the material ingredients in the crime are *first*, uttering as genuine an instrument, the false making of which is by some section of the statute declared forgery, knowing it to be forged; and, *second*, that it was uttered with an intent to defraud. Each of these ingredients is constitutive and descriptive of the offense and if either of them is omitted no offense is charged. *State v. Jackson*, 89 Mo. 561. Where an offense is a felony under the statute it must be charged to have been feloniously done. *State v. Murdock*, 9 Mo. 739; *State v. Feaster*, 25 Mo. 324; *State v. Davis*, 29 Mo. 391; *State v. Diffenbacher*, 51 Mo. 26; *State v. Emerick*, 87 Mo. 115; *State v. Breeden*, 58 Mo. 507. Without a felonious intent there can be no felony. *State v. Clayton*, 100 Mo. 516.

SHERWOOD, J.—The count in question is bottomed on sections 3633, 3634, R. S. 1889, which are as follows:

"Sec. 3633. Every person who shall forge or counterfeit, or falsely make or alter, or cause or procure to be forged, counterfeited or falsely made or altered: *First*, any promissory note, bill of exchange, draft, check, certificate of deposit, or other evidence of debt, being or purporting to be made or issued by any bank incorporated under the laws of this state, or of any other state, territory, government or country; or, *second*, any order or check being or purporting to be

drawn on any such incorporated bank, or any cashier thereof, by any other person, company or corporation, shall, upon conviction, be adjudged guilty of forgery in the second degree.

"Sec. 3634.    *    *    *    Every person who shall sell, exchange or deliver, or offer to sell, exchange or deliver, or receive upon a sale, exchange or delivery for any consideration, any falsely made, altered, forged, or counterfeited note, check, bill, draft or other instrument, the falsely making, altering, forging or counterfeiting of which is by the last section declared to be an offense, knowing the same to be falsely made, altered, forged or counterfeited, with intent to have the same altered or passed, shall be adjudged guilty of forgery in the second degree."

Counsel are in error in assuming that the count before us is based on section 3646 Revised Statutes, 1889, as will readily appear on inspection of that section. The count is well enough, and this is easily proven by reference to approved precedents.

The offense in this case is the selling, exchanging and delivering of a certain falsely made and forged draft, the falsely making of which is declared by the next preceding section (3633) to be an offense, knowing the same to be falsely made, with intent to have the same uttered or passed. The gist of the offense, to-wit: the selling, etc., is charged to have been feloniously done, and this suffices. It was not at all necessary to charge that the selling was done with a felonious intent to have the same uttered or passed. 3 Chitty's Crim. Law, 1048; 3 Greenleaf on Evidence, sec. 104; 2 Archbold's Criminal Practice and Pleading, 534; State v. Kroeger, 47 Mo. 552; State v. Fisher, 65 Mo. 437; King v. Hunter, 2 Leach, 711; Parkes' Case, 2 Leach, 898; Lovell's Case, 1 Leach, 282; Jones' Case, 1 Leach, 243.

The case at bar is obviously distinguishable from those where an assault with intent to kill is charged, in which cases it is indispensable that the assault was made with a felonious intent. *State v. Clayton*, 100 Mo. 516, and cases cited.

The words marked in brackets, "with intent to defraud," constitute no part of the sections upon which the count is drawn, but may along with the words associated with them be rejected as surplusage, and still leave enough to constitute a valid charge. *State v. Meyers*, 99 Mo. *loc. cit*. 114 and cases cited.

Judgment reversed and cause remanded. All concur.