State v. Hesseltine.

THE STATE v. HESSELTINE, *Appellant*.

Division Two, November 19, 1895.

1. **Criminal Law**: FORGED INSTRUMENT, SALE OF: INDICTMENT. An indictment under Revised Statutes, 1889, section 3634, declaring that every person who shall sell, etc., or offer to sell, etc., any forged instrument, for any consideration, etc., knowing the same to be forged, with intent to have the same uttered and passed, shall be guilty of forgery, which fails to allege that the forged instrument was sold for a consideration, is insufficient.

2. ———: ———: ———. Failure of such indictment to allege that the forged instrument was sold, etc., with intent to have the same uttered and passed, renders it fatally defective.

3. ———: ———: ———. The defect in such indictment as to the omission of the word "consideration" can not be cured by introducing it into the instructions.

4. ———: ———: ———: INTENT. Where a particular intent is descriptive of a crime it must appear in the indictment, and the use of the words "with intent to injure and defraud" in an indictment under Revised Statutes, 1889, section 3634, will not supply the place of the words "with intent to have the same uttered and passed."

5. ———: STATUTORY DEFINITION: INDICTMENT. Words of a statute which are descriptive of an offense, and which constitute a part of the statutory definition, can not be omitted from an indictment based upon the statute without rendering it fatally defective.

6. ———: FORGED INSTRUMENT: INDICTMENT. An indictment under Revised Statutes, 1889, section 3646, declaring that every person who, with intent to defraud, shall pass as true any forged instrument, etc., shall be guilty of forgery, which fails to charge that the forged instrument was passed "as true," is defective.

*Appeal from Mercer Circuit Court.*—HON. P. C. STEPP, Judge.

REVERSED AND REMANDED.

*Sallee & Goodman* and *H. J. Alley* for appellant.

The second instruction is erroneous, in that it submits to the jury an issue not made by the pleadings.

The question of consideration for the sale, exchange, or delivery of the check is not raised by the indictment, but is presented by this instruction. It is error for the court to attempt to cure the omission of an indictment by an instruction. *State v. Smith,* 119 Mo. 439; *State v. Warren,* 57 Mo. App. 502. If the third count be drawn under section 3634 of Revised Statutes, 1889, this instruction is fatally defective in not submitting to the jury the question of the intent of the defendant in uttering the check. The language of said section is, "with the intent to have the same altered or passed." Without this intent there is no offense. If the third count be drawn under section 3646, Revised Statutes, 1889, then the instruction is still erroneous in omitting the qualifying phrase "as true," which constitutes a part of the offense as defined in said section. *State v. Watson,* 65 Mo. 115; *State v. Allen,* 116 Mo. 548; *State v. Patterson,* 116 Mo. 505. To constitute the offense of forgery, the act of signing another's name must not only be without authority so to do but must be done with fraudulent intent. *Com. v. McKie,* 1 Gray, 61. We most strenuously contend that the indictment is fatally defective and wholly insufficient to sustain the verdict. The only two sections under which the third count, upon which defendant was found guilty, could have been drawn are 3634 and 3646, Revised Statutes, 1889. The gravamen of the offense denounced in section 3634 is the "intent to have the same altered or passed," while the other section denounces as the offense the uttering or publishing *"as true."* The third count of the indictment is defective in not containing apt language to bring the offense charged within the purview of either of these sections. *The State v. Allen,* 116 Mo. 548; *State v. Patterson,* 116 Mo. 505; *State v. Taylor,* 117 Mo. 181; *State v. Watson,* 65 Mo. 115; *State v. Hobbs,* 9 Mo. 845; *State v. Horner,* 48 Mo. 520;

State v. Hesseltine.

Kelley's Criminal Law and Practice [Ed. 1876], sec. 692, p. 383.

*R. F. Walker*, attorney general, and *Morton Jourdan*, assistant attorney general, for the state.

(1) The indictment in this case is in the usual form, follows approved precedents, and is sufficient. (2) It is complained in the motion for new trial that the court committed error in refusing instructions numbers 5, 6, and 7. The only instruction refused by the court which had been asked by the defendant was the demurrer to the testimony, and an instruction that it devolved upon the state to prove that the defendant had signed the name of F. J. Hesseltine without authority, and that, unless the state had so shown from the testimony, the jury should find the defendant not guilty. This instruction was properly refused. It is not true that the state was required to prove that the signature was without authority. The question of authority was one for the defense—an affirmative defense to be shown and established by the defendant. Even though this instruction had declared the law correctly, yet the defendant was not prejudiced by the refusal of the court to give the instruction, for the reason that the jury found that the defendant had not signed the name of F. J. Hesseltine to the check, but that the defendant had unlawfully and feloniously sold a falsely made, forged and counterfeited check to the said bank; and by acquitting the defendant under the first count in the indictment, the jury found that the defendant did not sign the name of F. J. Hesseltine to check; hence, it was not a question whether defendant signed with or without the authority of F. J. Hesseltine. (3) The instructions given upon the part of the state and the defendant, when read together, correctly

declare the law. The first, upon the part of the state, that if the defendant had forged the name of F. J. Hesseltine to the said check for the purpose and with the intent to injure and defraud said bank, then the defendant was guilty under the first count in the indictment, unless the jury believed from the testimony that at the time the defendant drew and signed said check, he had authority from his brother to do so. The second instruction, that if the jury found that the defendant had sold, exchanged or delivered to the Bethany Savings Bank, for a consideration, the check, and that defendant knew when he sold and exchanged the same that it was forged, with the intent to injure and defraud said savings bank, then the jury could find him guilty under the third count. The fourth, the usual instruction in regard to flight. The fifth correctly defines a reasonable doubt. The sixth instructed the jury that they were the judges of the credibility of the witnesses. The seventh, as to the form of the verdict and the punishment to be assessed. (4) The court properly overruled defendant's demurrer to the testimony. (5) It has been repeatedly held that this court will not interfere, unless it affirmatively appears that there is total failure of proof. *State v. Fischer*, 124 Mo. 460; *State v. Schaeffer*, 116 Mo. 96. And that where an inference of guilt may be reasonably drawn from the testimony, a verdict will not be set aside upon appeal because of the insufficiency of the evidence. *State v. Sanford*, 124 Mo. 484; *State v. Banks*, 118 Mo. 107. A verdict will not be set aside because against the weight of the evidence, unless there be a total failure of proof to support it. *State v. Alfray*, 124 393; *State v. Richardson*, 117 Mo. 585.

Sherwood, J.—The defendant was indicted for the forgery of a certain check, and also with having sold,

exchanged, and delivered said check, knowing the same to have been forged.

The cause was submitted to the jury on the first and third counts of the indictment, which are, in their material portions, the following: "That William F. Hesseltine, on the tenth day of December, A. D. 1892, at the said county of Harrison, did then and there unlawfully forge, counterfeit, and falsely make a certain check, purporting to be made by one F. J. Hesseltine, under the name of T. J. Hesseltine, on the Bethany Savings Bank, a corporation duly incorporated under the laws of the state of Missouri, payable to W. C. Ross for one hundred and eighty and twenty hundredths dollars, and dated December 10, 1892, which said false, forged, counterfeit check is of the tenor following:

'No.——            BETHANY, Mo., Dec. 10, 1892.

'Bethany Savings Bank, pay to W. C. Ross, or bearer, one hundred and eighty and twenty hundredths dollars, in current funds.

'$180.20.                    T. J. HESSELTINE.'

With the intent then and there to injure and defraud, against the peace and dignity of the state.

"And the jurors aforesaid, on their oaths aforesaid, further present and charge that the said William F. Hesseltine, afterward, on the twelfth day of December, A. D. 1892, at the said county of Harrison, did then and there unlawfully and feloniously sell, exchange, and deliver to the Bethany Savings Bank, a corporation duly incorporated under the laws of the state of Missouri, a falsely made, forged, and counterfeit check, purporting to be made by one F. J. Hesseltine, under the name of T. J. Hesseltine, on the Bethany Savings Bank, a corporation duly incorporated under the laws of the state of Missouri, payable to W. C.

Ross, for one hundred and eighty and twenty hundredths dollars, and dated December 10, 1892, which said false, forged, and counterfeit check is of the tenor following:

'No.——                    BETHANY, Mo., Dec. 10, 1892.

'Bethany Savings Bank, pay to W. C. Ross, or bearer, one hundred and eighty and twenty hundredths dollars in current funds.

'$180.20.                    T. J. HESSELTINE.'

He, the said William F. Hesseltine, then and there well knowing the same to be false, forged, and counterfeit, with the intent to injure and defraud, against the peace and dignity of the state.

"S. C. PRICE, Prosecuting Attorney."

The jury found the defendant not guilty under the first count, to wit, of forging the check, but guilty under the third count of having sold the check, knowing the same to have been forged, and assessed his punishment at five years' imprisonment in the penitentiary.

The first point for discussion is the sufficiency of the indictment, defendant insisting that the third count upon which he was found guilty, is insufficient in law.

It is evident that count must have been framed upon one of the following sections of Revised Statutes, 1889, to wit:

"Sec. 3634. Every person who shall sell, exchange, or deliver, or offer to sell, exchange, or deliver, or receive upon a sale, exchange, or delivery, for any consideration, any falsely made, altered, forged, or counterfeited note, check, bill, draft, or other instrument, the falsely making, altering, forging, or counterfeiting of which is by the last section declared to be an offense, knowing the same to be falsely made, altered, forged, or counterfeited, with intent to have the same

altered or passed, shall be adjudged guilty of forgery in the second degree."

"Sec. 3646. Every person, who, with intent to defraud, shall pass, utter, or publish, or offer or attempt to pass, utter, or publish as true, any forged or counterfeited, or falsely altered instrument or writing, or any counterfeit, or any imitation of gold or silver coin, the altering, forging, or counterfeiting of which is hereinbefore declared to be an offense, knowing such instrument, writing, or coin to be altered, forged, or counterfeited, shall, upon conviction, be adjudged guilty of forgery in the same degree as hereinbefore declared for the forging, altering, or counterfeiting the instrument, writing, or coin so passed, uttered, or published, or offered or attempted to be passed, uttered, or published."

If framed under section 3634, the count is bad because it does not allege that the sale was for a consideration, and then specify such consideration as it should do. *State v. Patterson*, 116 Mo. 505; *State v. Taylor*, 117 Mo. 181; Kelly Cr. L. [2 Ed.], sec. 774.

And the count, if based on the section aforesaid, is also bad, because of omitting the words in that section contained, "with intent to have the same altered or passed" (the word *"altered"* is evidently a clerical mistake for *"uttered"*).

Words of a statute which are descriptive of an offense, a part of the statutory definition, can not be omitted from any indictment based thereon without fatally vitiating such indictment. *People v. Wilber*, 4 Park. Cr. C. 19; 1 Bishop, Cr. Proc., secs. 521, 611, 618; 1 Stark. Cr. Pl. [2 Ed.] 177; Whart. Cr. Pl. and Pr. [9 Ed.], secs. 163a, 220.

This defect in the indictment as to the omission of the word "consideration" was attempted to be remedied and supplied by introducing that word into the

second instruction given at the instance of the state, but such defects can not be thus rectified. An indictment must stand on its own bottom, and can not be supported or propped by instructions, which are not allowed to raise or submit to the jury issues not raised by the pleadings. *State v. Smith,* 119 Mo. *loc. cit.* 447.

Nor could the words *"with the intent to injure and defraud"* supply the place of the words "with intent to have same uttered and passed," because where a particular intent is descriptive of a crime, this must appear in the indictment. 1 Stark. Cr. Pl. 177; *People v. Wilber, supra.*

If, on the other hand, the third count is bottomed on section 3646, already quoted, then that count is bad, because being based on that section it does not allege that defendant did "feloniously pass, utter, and publish, and publish *as true,*" etc. And the same line of remark is applicable in this connection to section 3646, as to section 3634. The count is bad under either section.

Numerous other errors are assigned, but it is unnecessary to discuss them; it will be time enough to do this when an indictment proper in form and substantial in allegation is presented for our consideration. Judgment reversed and cause remanded. All concur.