[Crim. No. 300.     In Bank.—March 15, 1898.]

## THE PEOPLE, Respondent, v. WOON TUCK WO, Appellant.

CRIMINAL LAW—HOMICIDE—TRIAL—REMARKS OF JUDGE—PROVINCE OF JURY.—Remarks made by the judge upon the trial of a defendant accused of murder, concerning certain reporter's notes offered in evidence, about which there was a dispute between the attorneys, to the effect that the jury as sensible men would understand possible differences in the translation of Chinese into English, and that the jury would pass upon the facts and the whole of the testimony, and that it was for them to say what its value was, and what it pointed to, and what had been proved by it, do not constitute misconduct, or afford any ground for reversal of the judgment of conviction.

ID.—EVIDENCE—MISLEADING EXPERIMENTS.—Where several witnesses for the prosecution had testified that they saw the defendant shoot the deceased with a pistol, at the door of a house in a certain street about midnight of a certain day, and that they recognized him at and immediately after the time when the shot was fired, and the testimony was conflicting as to the condition of the light at that time, and it appeared there could be no substantial reproduction of the same conditions under which the witnesses testified that they recognized the defendant, evidence of experiments made three months afterward by a witness to show that he was unable to recognize any person at the place where the homicide was alleged to have been committed, where the witnesses for the prosecution had stood at the time of the homicide, would have a tendency to confuse and mislead, rather than enlighten the jury, and was properly excluded.

ID.—EVIDENCE OF EXPERIMENTS—DISCRETION.—Evidence of experiments is admissible, in proper cases, when they are shown to have been made under essentially the same conditions as those which existed in the case on trial; otherwise such evidence is not admissible for the reason that its tendency is to mislead and confuse the jury; but it is not proper to say that such evidence is not admissible on any ground, nor is it objectionable merely because remote in time, or because not a proper subject of expert or opinion evidence, or because not impeaching evidence, or as being hearsay. The admission or rejection of such evidence is largely within the discretion of the court; and a case will not be reversed for an abuse of discretion by the court in rejecting such evidence, unless the evidence comes clearly within the principles by which it is allowed.

ID.—APPEAL—POINTS OF APPELLANT—ASSIGNMENT OF ERROR NOT ARGUED.—Where assignments of error in the rulings of the court are stated by the appellant nakedly as points, by number, without any argument made or reason given why the rulings were erroneous, the court will not prosecute an independent inquiry in order to find out reasons for or against the correctness of the rulings.

ID.—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CONFLICTING AFFIDAVITS.—That part of a motion for a new trial which is based upon newly

discovered evidence is addressed in the first instance to the determination of the court below; and when the affidavits respecting the same were directly conflicting, the action of the trial court upon that ground will not be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

Ferral, Wilson & Terry, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

McFARLAND, J.—The defendant was convicted of murder in the first degree, the jury fixing his punishment at imprisonment for life. He appeals from the judgment and from an order denying his motion for a new trial.

1. Appellant contends for a reversal of the judgment on account of alleged misconduct of the court, which consisted of remarks made by the judge of the court at the trial concerning certain reporter's notes. There were some differences between attorneys as to certain reporter's notes which were offered in evidence, and the remarks of the court objected to were, substantially, simply that the jury as sensible men would understand possible differences in the translation of Chinese into English. These remarks were made incidentally during the progress of the trial, and were not given in the shape of a charge to the jury, and the court said that "the jury will pass on the facts and the whole of the testimony, and it is for them to say what its value is, and what it points to, and what has been proven by it." Although the trial judge should be careful not to make unnecessary remarks about evidence in the course of a trial, still there was nothing in the incident to which appellant objects that would afford any ground for reversal of the judgment. It comes within the view stated in the opinion of this court in *People v. Mayes*, 113 Cal. 618.

2. Appellant contends that the court erred in sustaining the objections of the prosecution to what the appellant proposed to

prove by the testimony of the witness, T. C. McFarlane; and this objection presents the only question of importance in the case.

Several witnesses for the prosecution testified that they saw the defendant shoot the deceased with a pistol at or near the door of a house in the street called Waverly place, at or about twenty minutes after twelve o'clock midnight, on July 20, 1896. They testified that they recognized the defendant at and immediately after the time when the shot was fired; and one or two of them testified that they observed a scar on the face of the defendant, and also a peculiar cast of his eyes. The purpose of the offered evidence of McFarlane was to show that he had examined the premises on October 8, 1896, which was some three months after the homicide, and that he was unable to recognize any person at the place where the homicide is alleged to have been committed, when standing at the points where the witnesses for the prosecution had stood on the previous July 20th. He also offered to prove by a witness named Duffield, who had already testified in the case for defendant, that the condition of things was the same as existed on the 20th of July. This offered testimony was ruled out by the court.

We do not think that this ruling of the court was erroneous, although some of the objections made to the testimony by counsel for the prosecution are not tenable. It is not correct to say that testimony of this character is "not admissible on any ground." It was not objectionable merely because remote in time, or because not a proper subject of expert or opinion evidence, or because not impeaching evidence, or because "purely and entirely hearsay." Evidence of the general character of that offered is often admissible as belonging to the class of evidence designated as experiments. (See *People v. Levine*, 85 Cal. 39; Gillett on Indirect and Collateral Evidence, sec. 66, and notes.) But as was said in *People v. Levine, supra*, the admission of such evidence is largely within the discretion of the court; and a case will not be reversed for an abuse of discretion by the court in rejecting such evidence, unless the evidence comes clearly within the principles by which it is allowed. In *Lake Erie etc. R. R. Co. v. Mugg*, 132 Ind. 168, the principle upon which such testimony is admissible is stated as follows: "Under some circumstances, this class of evidence may be very satisfactory, but, unless the ex-

periments are shown to have been made under essentially the same conditions that existed in the case on trial, the tendency is to confuse and mislead rather than enlighten the jury. (*Commonwealth v. Piper*, 120 Mass. 188; *Eidt v. Cutter*, 127 Mass. 522; *State v. Justus*, 11 Or. 178.)" There are some authorities against allowing any evidence at all of this class, for, if one experiment is permitted, others relating to the same subject must also be admitted on the part of the opposite party, and innumerable issues may thus be raised collateral to the main issue in the case. As was said by the supreme court of Wisconsin in *Phillips v. Willow*, 70 Wis. 6, 5 Am. St. Rep. 114, speaking of this class of evidence: "So issue after issue would be raised, and facts collateral to the issue made by the pleadings would multiply—the main issue forming new ones, and the suit thus expanding like the banyan tree of India, whose branches drop shoots to the ground, which take root and form new stocks till the tree itself covers great space by its circumference." However, the rule that such evidence in proper cases may be used is sustained by the weight of authority; but there must be a possibility of reproducing substantially the same conditions which existed when the original occurrence took place, or the evidence will not be admitted. And we think that in the case at bar there could be no substantial reproduction of the same conditions under which the witnesses for the prosecution testified to having seen the homicide committed by the defendant, and to have recognized him immediately afterward. The testimony of the various witnesses who testified for the prosecution and for the defendant, who were at the scene at the time of or immediately after the homicide, was very conflicting as to the condition of the lights at that time; and under these circumstances the proposed testimony of the witness McFarlane would have tended "to confuse and mislead rather than enlighten the jury." We think, therefore, that the court did not err in excluding said testimony.

Points III, IV, V, VI, VII, VIII, and IX are mere naked statements that the court erred in making certain enumerated rulings, without any argument made or reasons given why said rulings are erroneous; and under these circumstances we do not feel called upon to prosecute an independent inquiry in order to find out reasons for or against the correctness of the rulings. (See

*People v. Gibson*, 106 Cal. 475.) Upon the face of the objections we see no error.

That part of the motion for a new trial which is founded upon newly discovered evidence was addressed in the first instance to the determination of the court below; the affidavits upon which that part of the motion is founded were directly conflicting, and we would not be warranted in holding that the court erred in not granting a new trial upon that ground.

The judgment and order appealed from are affirmed.

Garoutte, J., Van Fleet, J., Harrison, J., and Temple, J., concurred.