[Crim. No. 718. Department One.—January 3, 1902.]

THE PEOPLE, Respondent, v. N. H. McLEAN, Appellant.

CRIMINAL LAW—EMBEZZLEMENT—INFORMATION—PROOF.—An information charging that the defendant as agent and bailee of a person named was intrusted with certain jewelry therein described, to be sold by the defendant and the proceeds returned to such person, and that the defendant feloniously embezzled the jewelry and converted the same to his own use, and to purposes not within the due and lawful execution of the trust, states a complete offense, which is sustained by proof of an agreement to return the jewelry or the proceeds thereof on or before a specified time, and that neither was returned, and that defendant tried to conceal a portion of the jewelry, and stated that he did not have the remainder thereof.

ID.—UNNECESSARY AVERMENT AND PROOF—NEGATION OF SALE AND PAYMENT OF PROCEEDS.—It was not necessary that the information should aver that the goods were not sold, nor that the proceeds of sale were not paid over, nor to prove such averment; but it was sufficient to aver and prove that the defendant was intrusted with the property as bailee, and fraudulently converted it to his own use.

ID.—INTENTION TO RESTORE PROPERTY.—The intention of the defendant to restore the property intrusted to him as bailee, is no defense, unless the property was actually restored before information was filed charging the commission of the offense.

ID.—CROSS-EXAMINATION—INDEPENDENT TRANSACTIONS.—Upon cross-examination of a witness, evidence of his relationship to the defendant as to other and independent transactions not involved in the case on trial was properly excluded.

ID.—CROSS-EXAMINATION OF DEFENDANT—REVIEW UPON APPEAL—ALLEGED ERRORS NOT ARGUED.—Alleged errors in the cross-examination of the defendant, merely stated in the appellant's brief, without argument or statement of reasons or authorities to show why the rulings were erroneous, will not be considered of sufficient importance to merit notice in the opinion of the court.

ID.—INSTRUCTION—"ASSUMING" TO ACT AS AGENT OR BAILEE.—An instruction properly stating the law as to embezzlement by one who feloniously converts to his own use the property of another intrusted to him for the owner's use, is not prejudicial to the defendant because predicated on the supposition that such person "assumes to act as the agent or bailee of another, and in such assumed capacity is intrusted with, and receives into his care and custody," such property. If he assumed to act as such agent or bailee, and by this means was intrusted with the property, he was such agent or bailee.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion.

W. H. Shinn, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

COOPER, C.—Defendant appeals from a judgment convicting him of the crime of embezzlement and from an order denying a new trial. Certain errors of law are urged, which we will notice in their order.

1. It is claimed that the proof shows a fatal variance from the charge in the information. The information charges that the defendant, as agent and bailee of one Cohn, was intrusted with certain jewelry, therein described, to be sold by defendant, and the proceeds thereof, or the property, returned to Cohn. That defendant did feloniously embezzle the said jewelry and convert the same to his own use, and to uses and purposes not within the due and lawful execution of said trust. The contract of bailment introduced in evidence expressly shows that defendant undertook and agreed to return the jewelry, or the proceeds thereof, to Cohn, on or before 3:30 P. M., December 21, 1899. The evidence shows that neither the goods nor the proceeds were ever returned to Cohn, and that defendant feloniously embezzled the same.

After giving various accounts, as to having let one Hayes have the jewelry to pawn, the defendant, when arrested in a hallway of a rooming-house, was detected in hiding two rings, one set with a diamond, and an unset diamond, under the edge of the carpet. When asked for the remainder of the jewelry, he said he did not have it. This evidence shows an embezzlement within the meaning of the information. It was not necessary to allege, nor to prove, that the goods were not sold, nor that the proceeds were not paid to Cohn. Having been intrusted with the property as bailee, and having fraudulently converted it to his own use, the crime was complete, within the statutory definition. It is provided in the code that the fact that the accused intended to restore the property

is no defense, unless the property has been restored before an information has been laid charging the commission of the offense. (Pen. Code, sec. 512.)

2. It is claimed that the court erred in sustaining the objection of the prosecution to certain questions asked by defendant in cross-examination of the witness Marcher, as to appraising goods of Cohn, and to certain other dealings with Cohn, as to jewelry sold by defendant for Cohn at other and different times. The witness Marcher, in direct examination, in behalf of the prosecution, testified to certain conversations with defendant as to the loss of the jewelry, and to the fact that defendant tried to sell witness some of the diamonds that had been intrusted to him. He also testified as to defendant pushing two of the diamonds back under the carpet in the hall of the lodging-house, when the officers approached. In cross-examination, the defendant asked him if he did not ''appraise some goods for J. C. Taplin for McLean, this defendant, and appraise them for $3,300,'' and if he did not appraise a batch of goods that defendant had brought to his place, on which ''a loan was made by Josie Sullivan.''

The court sustained the objections of the prosecution to this line of questions. We are told in the brief of defendant that ''the object of the cross-examination was to show the relationship, in a business way, between the defendant and the witness, and was clearly competent for that purpose, and should not have been excluded.''

We cannot see that the relationship between the defendant and the witness as to other and independent transactions was proper cross-examination, or that it sought to elicit facts in any way material. If its object was to show that the witness was unfriendly to defendant, or particularly active in the prosecution, it was too remote, and in no way tended to show it. The court seems to have allowed considerable latitude in the cross-examination, and to have given defendant the benefit of every doubt as to his right to cross-examine, but it is evident that the objections to the questions were properly sustained. If courts were to allow all the independent and private transactions of every witness with the defendant, or with some other witness, to be gone into in detail, there would be no end to the trial of a case, and the real issue would be lost and befogged in a cloud of immaterial testimony.

The same reasoning applies to other objections to rulings of the court excluding testimony, and such rulings need not be examined in detail.

3. Certain errors are complained of in overruling defendant's objections to questions asked by the prosecution in cross-examination of defendant, and in sustaining the objections made by the prosecution to certain questions asked by defendant of the witness Wright and of the witness Stephens. No reasons are given in the brief as to why the alleged rulings were erroneous. It is not even stated that they were erroneous, except by the various headings: "Errors of the Court in the Examination of Charles M. Wright,"—then follow some three pages of questions and answers and objections; "Errors of the Court in Relation to the Testimony of J. H. Stephens," followed by a question, the objection, and ruling. We again repeat what we have said before, that we will not examine alleged errors presented in this way. It is due to this court from the members of the bar to point out clearly and concisely the rulings complained of as erroneous and the reasons why they are so, with reference to authorities, if any. In case counsel will not take the trouble to do so, we shall deem the matter as of not sufficient importance to merit notice in an opinion. (*People* v. *Woon Tuck Wo*, 120 Cal. 297.)

4. The court, at the request of the prosecution, gave to the jury the following instruction: "The court instructs you that if any person assumes to act as the agent or bailee of another, and in such assumed capacity he is intrusted with, and receives into his care and custody, the property of another, for the use of such other person, and thereafter fraudulently and feloniously appropriates and converts such property or any part of the same to his own use, or to any use or purpose not in the due and lawful execution of his trust, he is guilty of embezzlement."

It is argued that the instruction was prejudicial to defendant, because by it the jury are told that if one *assumes* to act as agent or bailee, and in such *assumed* capacity is intrusted with money or property, and feloniously converts it to his own use, he is guilty of embezzlement. The use of the word "assumes" did not injure defendant. If defendant assumes to act as agent or bailee, and by so assuming to act was intrusted with property, it does not lie in his mouth to say

that he was not really the agent or bailee, but that he merely assumed to act as such. If he assumed to act as such agent or bailee, and by this means was intrusted with the property, he was such agent. The ends of justice do not require us to inquire into the question as to whether or not defendant assumed to be the bailee, but was not really such. We could with as much reason be called upon to hold that he only *assumed* to feloniously appropriate the property to his own use. Not only this, but the court, at defendant's request, instructed the jury that if, after hearing all the evidence in the case, they entertain a reasonable doubt as to whether or not defendant received the goods from Cohn "as an agent or bailee, then they should give the defendant the benefit of such doubt, and acquit him." Other instructions asked by defendant were refused, and it is claimed the court erred in refusing them. It is stated that they were "clearly competent," but no other argument is made in their support. It appears to us, from the examination of the instructions given, that they fully and fairly stated the law to the jury. The instructions given at defendant's request take up the transcript from folio 36 to 64, and cover almost every conceivable phase of the case. Many of them were more favorable to defendant than he had the right to expect, and might well have been refused by the court without the court committing error in so doing.

There is no prejudicial error in the record, and the judgment and order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Garoutte, J., Van Dyke, J., Harrison, J.