[Crim. No. 635.   Second Appellate District, Division One.—February 5, 1919.]

## THE PEOPLE, Respondent, v. YGNACIO RUIZ, Appellant.

CRIMINAL LAW — ALCOHOLIC LIQUOR — LOCAL OPTION — SALE IN NO-LICENSE TERRITORY — INFORMATION — DESIGNATING SUPERVISORIAL DISTRICT—CHARGING OFFENSE IN LANGUAGE OF STATUTE.—Conceding it to be the better practice, in charging the selling of alcoholic liquors, and the keeping of a place for the sale of alcoholic liquors in violation of the Wyllie local option law, to designate the supervisorial district or unit wherein the infractions are alleged to have taken place, the information is sufficient if it follows the language of the act and charges that it occurred within the boundaries of no-license territory.

ID.—APPEAL—UNPREJUDICIAL OMISSION FROM INFORMATION.—Where, in such case, as shown by the evidence, the place where the defendant kept the liquors sold was in no-license territory and the proof was addressed to no other place, the appellate tribunal would be constrained to hold under section 4½· of article VI of the constitution that the failure to designate the supervisorial district did not in the slightest degree prejudice the defendant in his substantial rights.

ID.—CONFLICT OF EVIDENCE—QUESTION FOR JURY.—It is the sole province of the jury to resolve a conflict of evidence.

APPEAL — ERRORS IN REJECTING OR ADMITTING EVIDENCE — INSUFFICIENCY OF BRIEF.—Where no ground is assigned by appellant's counsel in his brief for his claim that the court erred in its rulings in admitting or rejecting evidence, the appellate court will not assume the burden of examining a voluminous record to determine whether such rulings are correct.

CRIMINAL LAW—INTOXICATING LIQUORS—VIOLATION OF LOCAL OPTION LAW—SELLING AND KEEPING A PLACE FOR SALE—EVIDENCE SUFFICIENT TO SUSTAIN CONVICTION.—In this prosecution for selling and keeping a place for sale of intoxicating liquors in violation of the Wyllie local option law, the evidence is found sufficient to sustain a conviction.

APPEAL from a judgment of the Superior Court of Inyo County, and from an order denying a motion for a new trial.   Wm. D. Dehy, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Scherrer & Guthrie for Appellant.

U. S. Webb, Attorney-General, Joseph L. Lewinsohn, Deputy Attorney-General, and Jerry H. Powell for Respondent.

SHAW, J.—Upon an information containing two counts defendant was convicted of a violation of sections 13 and 14 of the Wyllie local option law (Stats. 1911, p. 599). He appeals from the judgment and an order denying his motion for a new trial.

The first count of the information charged that the defendant, "on the twelfth day of August, one thousand nine hundred and eighteen, at the said county of Inyo, state of California, . . . and within the boundaries of no-license territory, did then and there willfully and unlawfully sell, serve, and distribute alcoholic liquors to Oliver Roberts," etc. The second count charged that defendant, on the same day, "at the said county of Inyo, state of California, . . . and within the boundaries of no-license territory, did then and there willfully and unlawfully keep and conduct a place where alcoholic liquors were then and there kept for the purpose of sale and distribution, . . ." Appellant attacks both counts, claiming that in neither count are sufficient facts stated to constitute a public offense, and hence his objection to the reception of any evidence in support thereof should have been sustained. Appellant insists that each count of the information should have designated the supervisorial district within which the alleged offense was committed, and that failure so to do renders both counts fatally defective. The offense was charged in the language of the statute, which, as a general rule, is held sufficient. (*Ex parte Anixter,* 166 Cal. 762, [138 Pac. 353].) Conceding the better practice in such cases is to describe the supervisorial district or unit within which such infractions are alleged to have occurred, nevertheless, "where the information, merely following the language of the act, charges that the illicit sale was made in no-license territory, that ought to be a sufficient statement of the offense to inform the defendant of the particular offense against which he is thus required to defend." (*People* v. *Perry,* 25 Cal. App. 337, [143 Pac. 798].) The offense charged was not in conducting a place where liquor was kept for sale, nor the selling of the same, but in doing such acts in no-license

territory in Inyo County, without proof of which latter act the accused would be exonerated. Moreover, as shown by the evidence, the place where the defendant kept the liquors so sold was at his residence in Lone Pine, which was dry territory, and since the proof was addressed to no other place or sale other than that made therefrom, we would be constrained to hold, under section 4½ of article VI of the constitution, that, upon an examination of the evidence, the failure to designate the supervisorial district did not result in a miscarriage of justice, nor, indeed, in the slightest degree prejudice defendant in his substantial rights.

At the close of the people's testimony, defendant's motion to dismiss as to the second count of the information for want of sufficient evidence was denied, and this ruling is assigned as error. There is nothing in the contention, since the witness, Oliver Roberts, testified that at three different times on the day alleged in the information he went to the home of defendant in Lone Pine and bought alcoholic liquors. Upon such occasions Roberts did not enter the house, but upon applying to the defendant for the purchase of such liquors the latter went into his house and brought out the bottles containing the same and delivered them to Roberts in exchange for money. This evidence was strongly corroborated by the testimony of two other witnesses standing outside some twenty feet distant from the house. It is true that evidence was offered in behalf of defendant that tended to contradict the people's witnesses, but, at most, this merely raised a conflict, in passing upon which it was the sole function of the jury to determine.

Error is predicated upon a number of rulings made by the court in admitting and rejecting evidence. In arguing these assignments of error, appellant not only gives no reasons for his contention, but the excerpts from the evidence, quoted in his brief, are made without any reference to the context or connection in which such questions and answers thereto were given. In the case of *People* v. *McLean,* 135 Cal. 306, [67 Pac. 770], it is said: "We again repeat what we have said before, that we will not examine alleged errors presented in this way. It is due to this court from the members of the bar to point out clearly and concisely the rulings complained of as erroneous and the reasons why they are so, with reference to authorities, if any. In case counsel will not take the

trouble to do so, we shall deem the matter as of not sufficient importance to merit notice in an opinion"; citing *People* v. *Woon Tuck Wo*, 120 Cal. 297, [52 Pac. 833]. This court will not, in the absence of appellant's counsel assigning any reason or ground for his claim that the court erred in the rulings, or making any statement other than that the court erred in sustaining or overruling objection to the following question and answer, assume the burden of examining a voluminous record in order to determine whether such rulings are correct. Suffice it to say, there is nothing in appellant's brief showing the rulings made to be erroneous.

An examination of appellant's claims of misconduct, both of the district attorney and the trial judge, shows that they are wholly without merit; indeed, trivial, and merit no consideration.

The evidence on behalf of the people, which, as shown by their action, the jury believed, was ample to justify the verdict that defendant was guilty as charged in both counts of the information, and examined in the light of appellant's brief, the record discloses no prejudicial error.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 3, 1919.

Angellotti, C. J., Shaw, J., Melvin, J., Lawlor, J., Wilbur, J., and Lennon, J., concurred.