[Crim. No. 672.   Second Appellate District, Division One.—July 29, 1919.]

THE PEOPLE, Respondent, v. BERNARDINO CASTRO, Appellant.

[1] CRIMINAL LAW—MURDER—LIMITATION OF ARGUMENT—ERROR.—In a prosecution for murder, the error, if any, of the trial court in fixing a limitation of two and one-half hours to each side for argument will not constitute sufficient ground for the reversal of the judgment of conviction where, upon objections being made by counsel for defendant, the district attorney gave them one-half hour of his time, and on the argument they used an additional fifteen minutes thereof, and there is no showing that the time actually accorded counsel for argument was inadequate.

[2] ID.—REFUSAL OF INSTRUCTIONS—REVIEW—INSUFFICIENT BRIEFS.— Alleged error of the trial court in refusing to give certain requested instructions will not be reviewed on appeal where counsel for appellant merely refers to the pages of the transcript where such instruction will be found but does not point out wherein the court's rulings were erroneous, nor cite authorities in support of such contention.

APPEAL from a judgment of the Superior Court of Los Angeles County. Gavin W. Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. J. Adcock and M. G. Phillips for Appellant.

U. S. Webb, Attorney-General, Joseph L. Lewinsohn, Deputy Attorney-General, and Jerry H. Powell for Respondent.

SHAW, J.—Defendant was charged with the crime of murder. The trial commenced on April 14th and ended on April 17th, with a verdict convicting him of murder in the second degree.

At the close of the evidence the court, addressing counsel, asked how much time they desired in which to argue the case, to which Mr. Adcock, one of defendant's attorneys, replied that he would like two hours for himself, stating that they had been three days introducing the testimony; and Mr. Phillips, another attorney for defendant, replied that he took two hours at the last trial. Thereupon the court fixed two and one-half hours as the time allotted to each side for argument, saying: "You can apportion it to suit yourselves." No objection other than as stated appears to have been made to the action of the court. Thereafter defendant moved for a new trial and presented an affidavit to the effect that the action of the court in so limiting the time for argument was prejudicial to defendant in that the time was inadequate for defendant's counsel to fairly and properly review the evidence and present argument based thereon in his behalf, on account of which many important things were necessarily omitted which otherwise could have been presented. A counter-affidavit was filed by the district attorney to the effect that when the court fixed the time allotted for argument defendant's counsel announced they would like longer time, and thereupon the district attorney gave them one-half hour of his time, which, together with an additional fifteen minutes they used, thus consuming in all a period of three hours and fifteen minutes in the argument; and, further, that there is nothing in the cause which required a longer period for the proper presentation of the defense.

[1] Under this state of the record, even were it conceded that the limitation of two hours and a half so accorded defendant for arguing the case was an abuse of discretion on the part of the court, there is nothing in the record to show that the additional three-quarters of an hour was not ample and all required by counsel for the purpose of arguing the case; hence, if the court erred in fixing the time,

such error must be deemed to have been cured by the fact that additional time was granted, and, as thus extended, it is not claimed or shown that the time actually accorded counsel for argument was inadequate.

[2] Another point urged by appellant for a reversal is the ruling of the court in refusing instructions requested by defendant. The sole argument upon the point is as follows: "We also urge the point, with emphasis, that the refusal of the court to give each and all of the instructions found in the clerk's transcript on pages 32, 33, 34, 35, 39 was prejudicial error and withdrew a full consideration of the case from the minds of the jury." To determine whether or not there is any merit in appellant's contention would necessitate an independent examination and inquiry as to the correctness of the ruling, and this we do not feel inclined to make. (*People* v. *Woon Tuck Wo,* 120 Cal. 297, [52 Pac. 833].) A sufficient answer to the argument presented is to quote from *People* v. *McLean,* 135 Cal. 306, [67 Pac. 770], where it is said: "We again repeat what we have said before, that we will not examine alleged errors presented in this way. It is due to this court from the members of the bar to point out clearly and concisely the rulings complained of as erroneous and the reasons why they are so, with reference to authorities, if any. In case counsel will not take the trouble to do so, we shall deem the matter as of not sufficient importance to merit notice in an opinion." To like effect is *People* v. *Ruiz,* 39 Cal. App. 593, [179 Pac. 691].

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.