[Crim. No. 866. First Appellate District, Division One.—December 11, 1919.]

## THE PEOPLE, Respondent, v. SALVATORE CIULLA, Appellant.

[1] CRIMINAL LAW—RAPE—ABDUCTION OF WITNESS—EVIDENCE.—In a prosecution for rape, the prosecuting witness having testified as to the occurrence of her abduction without objection being made by the defendant, the testimony of other witnesses is admissible to corroborate her story in that particular.

[2] ID.—EVIDENCE OF OTHER CRIMES—WHEN ADMISSIBLE.—If several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any of them cannot be given without showing the others, evidence of any or all of them is admissible against a defendant on trial for any offense which is itself a detail of the whole criminal scheme.

[3] ID.—GUILT OF TWO OFFENSES—EVIDENCE ADMISSIBLE.—Whenever there is a clear connection between two offenses from which it may be logically inferred that, if guilty of one, the defendant is also guilty of the other, evidence of such other offense is admissible.

[4] ID.—STATEMENT OF ALLEGED ERROR—WANT OF ARGUMENT OR AUTHORITIES—INDEPENDENT EXAMINATION BY APPELLATE COURT.— The bare statement of the contention, on appeal from a judgment of conviction in a prosecution for rape, that "the court erred in the exclusion of testimony offered in support of the theory of the defense that the prosecutrix was not forced against her consent to the relationship had with defendant," without citation of authority or any argument in support thereof, does not require the appellate court to make an independent examination and inquiry as to the correctness of the ruling in order to determine whether or not there is any merit in appellant's contention.

---

2. Right to convict for several offenses growing out of same facts, note, 31 L. R. A. (N. S.) 693.

[5] ID.—FAILURE TO REQUEST INSTRUCTION—OMISSION TO GIVE NOT ERROR.—The failure of the court to instruct the jury upon any proposition deemed essential by the defendant is not to be regarded as error, unless the defendant made a request for such instruction.

[6] ID.—RAPE—ABDUCTION—EVIDENCE — INSTRUCTIONS. — Where in a prosecution for rape the evidence shows that as a part of the same transaction the defendant abducted the prosecuting witness and took her to the place where the acts for which the defendant is on trial were committed, an instruction to the jury that they are not to consider evidence of acts other than that for which the defendant is on trial at all is correctly refused by the court.

[7] ID.—MISCONDUCT OF DISTRICT ATTORNEY—INSUFFICIENT RECORD—PRESUMPTION.—Where there is no showing in the record by which it may be determined that the district attorney was acting in bad faith in committing the acts assigned as misconduct, it must be presumed, upon appeal, that he was conscientiously discharging his duty as he understood it.

[8] ID.—ABSENCE OF WITNESSES—REQUEST FOR CONTINUANCE—DENIAL OF PROPER.—Where a continuance is asked by defendant on the ground that material witnesses, who are absent, have not been found, but such witnesses were confederates of the defendant in the commission of the offense for which he is on trial, and are fugitives from justice, and the defendant can give the court no assurance as to when said witnesses might be produced, and it also appears that the facts to which the absent witnesses could testify are known to, and can be testified to by other parties, such request for a continuance is properly denied.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. D. Cavallaro and O. H. Speciale for Appellant.

U. S. Webb, Attorney-General, for Respondent.

WASTE, P. J.—The appellant was convicted of rape, alleged to have been forcibly committed by him upon the person of Mary Schiro, a young Italian woman, twenty-two years of age. From the judgment of his conviction, and from the order denying his motion for a new trial, defendant appeals.

His first contention is that the verdict is not supported by the evidence. There is absolutely no merit in the con-

tention. On the trial, appellant admitted the act of sexual intercourse, but denied that it was had or accomplished by him with force or violence, but contended that the prosecutrix consented thereto. This was denied by the girl, and the jury believed her story. The record on appeal presents a case against the defendant and his several confederates of such nature as to merit the characterization of the attorney-general as being "conduct toward this young woman of the most brutal sort, not to say astonishing, in a civilized age and a civilized community. It would put even a 'caveman' to blush." Early in the morning of April 7th of this year, as the prosecutrix was leaving her home in San Jose to go to work at a near-by place of employment, she was roughly seized by the defendant, who, with the help of two others, Sam Corcufa and Sam Mazzurco, overpowered her and threw her into a waiting automobile. She struggled and fought to the utmost of her strength with the assailants, and screamed loudly for help. The abduction was witnessed by two neighbors, Simon Bojorques and Grace Durso, who were witnesses at the trial. The prosecuting witness was taken against her will and over her protest to Mazzurco's house, in the town of Campbell, a number of miles away. Her outcries were stilled and she was forcibly taken into the house and locked in the bedroom with the defendant. Later the other men returned with the wife of Mazzurco, who assisted in partially disrobing the girl, after which all retired from the room except the defendant, who accomplished the act of sexual intercourse. The prosecutrix testified that she fought her assailant as long as she had strength, that she was scared, and finally had to give up. The defendant was arrested upon two charges. For the forcible seizure and taking the prosecuting witness to the home of Mazzurco he was charged with kidnaping. He was likewise charged with the crime of rape, resulting in the conviction upon which this appeal is based.

[1] The prosecuting witness testified fully to the occurrence of the abduction, no objection being made by the defendant to this testimony. When, however, the prosecution called witnesses Bojorques and Margaret Durso to corroborate her story in that particular, defendant objected upon the ground that the testimony tended to prove a distinct and separate offense, for which the defendant was

not then on trial. The court correctly overruled the objection and admitted the testimony. [2] "If several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them cannot be given without showing the others, evidence of any or all of them is admissible against a defendant on trial for any offense which is itself a detail of the whole criminal scheme." (Underhill on Criminal Evidence, 2d ed., sec. 88, p. 157; *State* v. *Taylor,* 117 Mo. 181, [22 S. W. 1103], 118 Mo. 153, [24 S. W. 449]; *Oakley* v. *State,* 135 Ala. 29, [33 South. 23].) We are also satisfied that the testimony of the kidnaping was admissible upon another theory. [3] "It is held by all the authorities that, whenever there is a clear connection between two offenses, from which it may be logically inferred that, if guilty of one, the defendant is also guilty of the other, evidence of such other offense is admissible." (*People* v. *Burke,* 18 Cal. App. 72, 98, [122 Pac. 435, 447], and numerous authorities therein cited.) Rarely will a case be presented, the facts of which fall more clearly within the rule of evidence noted than do those of the case at bar.

[4] Another point urged by the appellant for reversal, without the citation of authority or any argument beyond the bare statement of the contention, is that "the court erred in the exclusion of testimony offered in support of the theory of the defense that the prosecutrix was not forced against her consent to the relationship had with defendant." While we are not called upon to make an independent examination and inquiry as to the correctness of the ruling, in order to determine whether or not there is any merit in appellant's contention (*People* v. *Castro,* 42 Cal. App. 453, [183 Pac. 828]; *People* v. *Ruiz,* 39 Cal. App. 593, [179 Pac. 691]), we have done so. The testimony sought to be elicited was irrelevant and immaterial, and the lower court was correct in excluding it.

Another objection, similarly stated, is that "the court erred in excluding the testimony of Grace Durso embraced in the questions on pages 320–322 of reporter's transcript." Here, again, the appellant has not performed his duty "to point out clearly and concisely the rulings complained of as erroneous, and the reasons why they are so, with reference

to authorities, if any. In case counsel will not take the trouble to do so we shall deem the matter as of not sufficient importance to merit notice in an opinion." (*People* v. *Mc-Lean*, 135 Cal. 306, 309, [67 Pac. 771].) The record plainly shows, however, that the defense was attempting to get before the jury other irrelevant matter having to do with the alleged actions of the parents of the complaining witness and in no way connected with, or bearing on, the crime with which defendant was charged.

Another contention of the appellant is that "the court erred in refusing defendant's instructions, and the whole thereof." An examination of the charge given by the trial court shows the jury to have been fairly and thoroughly instructed in all matters necessarily involved in the offense for which the defendant was then on trial.

[5] As to the contention that the court should have instructed the jury as to the purposes for which the evidence of the kidnaping was admissible in the trial for rape, the record discloses that no such instruction was requested by the defendant. The failure of the trial court to instruct the jury upon any proposition deemed essential by the defendant is not to be regarded as error, unless he made a request for such instruction. (*People* v. *Fice*, 97 Cal. 459, 460, [32 Pac. 531]; *People* v. *Martin, ante,* p. 45, [185 Pac. 1003].) [6] Defendant's proposed instruction No. 12, bearing on the subject, was correctly refused by the court, because it erroneously advised the jury that they were not to consider evidence of other acts at all.

Appellant asks consideration by this court of certain assignments of alleged misconduct on the part of the district attorney. It has required a search of the transcript, and the assistance of the attorney-general, in order to locate that portion of the record wherein these assignments occur. As to the first assignment, the court instructed the jury to disregard the alleged improper remark, which cured the error, if any there was. [7] As to the second specification, there is no showing in the record by which it may be determined that the district attorney was acting in bad faith. It must be presumed, therefore, upon appeal, that he was conscientiously discharging his duty, as he understood it. (*People* v. *Burke*, 18 Cal. App. 72, at 102, [122 Pac. 435].)

The crime with which the defendant is charged was com-

mitted on April 7, 1919. He was arrested on the same evening. His preliminary examination was held on April 24th, following. On May 1st, defendant was furnished with a copy of the evidence taken at the preliminary examination. On May 5th defendant pleaded to the information and asked that the time of trial be fixed for not earlier than May 19, 1919. The court fixed May 12th as the date of the trial. Before the trial the defendant had subpoenas issued for Mrs. Sam Mazzurco and Sam Corcufa, neither of whom, the sheriff's return showed, could be found in the county. On the day set for trial the defendant moved for a continuance upon two separate grounds, first, that he had not completed his investigation of anticipated prejudice in the community, on account of alleged inflammatory articles, appearing in the newspapers circulating in the city of San Jose, containing purported facts of the crime. [8] The second ground upon which the application for a continuance was based was that material witnesses, who were absent, could not be found, and upon the further ground that the defendant had not had a reasonable opportunity to prepare his case. Both the witnesses, whose testimony was claimed to be material, were confederates of the defendant in the commission of the offense, for which he was on trial, and were fugitives from justice. The defendant could give the court no assurance as to when said witnesses might be produced. It also appeared that the facts to which the absent witnesses could testify were known to, and could be testified to by, other parties. As to this phase of the request for a continuance, it was proper for the court to proceed with the trial. (*People* v. *Loomis,* 170 Cal. 347, 349, [149 Pac. 581].)

In view of the very serious offense with which the defendant was charged, and the remarkably short time allowed him in which to prepare his defense, we have felt it our duty to examine the entire record before disposing of the situation presented by the other ground for a continuance. The alleged prejudicial publications were carefully considered by the trial court. While tending to arouse a decided interest in the case throughout the community, there is nothing in the record to indicate that the defendant was in any manner thereby prevented from having an absolutely fair and impartial trial. The proceedings in connection with the

impanelment of the jury which was selected to try defendant are not before us, and we must, therefore, assume that the accused was tried by unprejudiced and fair-minded jurors satisfactory to himself. He was represented at all times by able counsel and his defense was carefully presented. We are unable to find that the defendant suffered any prejudice by the ruling of the lower court in directing the defendant to proceed to trial on the day fixed.

The order denying appellant's motion for a new trial and the judgment of conviction are, and each is, affirmed.

Kerrigan, J., and Wood, J., *pro tem.*, concurred.