[Crim. No. 268.  In Bank.—September 28, 1897.]

# THE PEOPLE, Respondent, v. WILLIAM H. BRITTAN, Appellant.

CRIMINAL LAW—HOMICIDE—SELF-DEFENSE—CONVICTION OF MANSLAUGHTER—CONFLICTING EVIDENCE—APPEAL.—A verdict for manslaughter will not be disturbed upon appeal, when the evidence is conflicting as to whether the homicide was or was not committed in self-defense, and there is enough evidence for the prosecution to warrant the verdict, and no such disparity appears in the statement of the witnesses for the prosecution as to render their evidence inherently improbable or necessarily unworthy of belief.

ID.—INSTRUCTIONS—BURDEN OF PROOF—DEGREE OF PROOF REQUIRED—REASONABLE DOUBT.—An instruction that "an unlawful killing must be proven by the state before the defendant can be convicted of any offense. whether murder or manslaughter," is not erroneous in not defining the degree of proof necessary to authorize conviction, and in leaving the jury to infer that a mere preponderance in the evidence would be sufficient, when it appears that the court elsewhere repeatedly stated the principle that guilt must be established beyond a reasonable doubt.

ID.—INSTRUCTIONS TO BE CONSTRUED TOGETHER—ISOLATED SENTENCE—OMISSION ELSEWHERE SUPPLIED.—The entire charge of the court must be construed together, and error cannot be predicated upon an omission in an isolated sentence or phrase which is elsewhere supplied; and it is sufficient if the charge as a whole fairly covers all that is pertinent to the case, stated consistently and harmoniously.

ID.—DEFINITION OF REASONABLE DOUBT—EXCLUSION OF RATIONAL HYPOTHESIS—ABSENCE OF REQUEST.—Where the ordinary definition of reasonable doubt is correctly given, the omission to tell the jury that the guilt of the defendant should be inconsistent with every other rational hypothesis is not erroneous, in the absence of a request that it be given.

ID.—RIGHT OF COURT TO STATE EVIDENCE.—The court has a right to state the evidence for the purpose of pointing its instruction and making its pertinency apparent to the jury, if it assumes no fact as proven. and states nothing by way of argument thereon, nor anything calculated expressly or by implication to indicate a shifting of the burden of proof to the defendant.

ID.—CHALLENGE OF JUROR—IMPROPER QUESTION.—A defendant charged with murder has no right in impaneling a jury to ask a juror how many murder cases he had sat on as a juror, either for the purpose of showing actual bias, or for the purpose of determining whether to challenge peremptorily.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—ABSENCE OF EXCEPTION.—Where there was no objection made nor exception taken to alleged misconduct of the district attorney, it cannot be reviewed upon appeal.

ID.—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILIGENCE—CUMULATIVE PROOF.—A new trial cannot be granted for newly discovered evidence, where the affidavits in support of the motion do not make a showing of diligence, and the newly discovered evidence appears to be merely cumulative to proof given upon the trial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William T. Wallace, Judge.

The facts are stated in the opinion of the court.

James A. Devoto, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

VAN FLEET, J.—Defendant was convicted of manslaughter in killing one Phillip A. Reilley, and appeals from the judgment and an order denying him a new trial.

1. Defendant's contention that the verdict is not sustained by the evidence is not maintainable. The killing was admitted by defendant, his defense being that it was committed in necessary self-defense. There is a conflict in the evidence as to whether defendant or the deceased started the difficulty which ended in the homicide. The trouble commenced in a saloon, and ended on the sidewalk outside. The evidence all shows that, when the parties reached the sidewalk, the defendant was knocked down or thrown down by deceased, and that while the deceased was on top of defendant on the sidewalk the latter was very roughly handled, partly by deceased and partly by a companion named Cunningham, the latter kicking the defendant several times about the head and face while he was being held down by deceased. Deceased finally permitted defendant to get up, upon the latter saying that he had enough and did not want to fight. On getting to his feet defendant backed out some eight or ten feet from the sidewalk into the street; and at this point a very sharp conflict arises as to the subsequent events. The evidence of the prosecution tends to show that when deceased let defendant up, deceased started to look for his hat, which had fallen off in the scuffle, and that while he was thus engaged, and making no further hostile demonstration toward defendant, the latter suddenly drew a pistol, and saying, "Take that, you son of a bitch," or some like expression, fired the fatal shot; while that of the defense would tend to show that after letting defendant up, deceased still continued to challenge and dare him to fight, and was advancing upon him in a menacing manner, when defendant

drew his weapon and fired.    There was no pretense that deceased at any time threatened or made any movement to use a weapon, nor does the evidence show that he was armed; but it is conceded that he greatly overmatched defendant in size and strength.    It is apparent from this statement that, although conflicting, there was certainly evidence to warrant the verdict, and we cannot, therefore, disturb the finding of the jury.

Nor was there, as claimed, any such disparity in the statements of the witnesses of the prosecution as to render their evidence inherently improbable or necessarily unworthy of belief.    It was no greater, in fact, than is usually to be found in the statements of different eyewitnesses to an affair of the kind.

2. After instructing the jury as to the constituent elements of murder and manslaughter, the trial judge prefaced that portion of his charge defining the law of self-defense with this sentence: "You observe, therefore, that an unlawful killing must be proven by the state before the defendant can be convicted of any offense, whether murder or manslaughter." This language is extracted from its context, and upon it defendant bases the objection that it is erroneous as not defining the *degree* of proof necessary to authorize conviction, and as leaving the jury to infer that a mere preponderance in the evidence would be sufficient. But elsewhere in the charge, and in several instances, the court did correctly state the principle that guilt must be established beyond a reasonable doubt. It should hardly be necessary to reiterate a rule of construction so thoroughly settled and familiar, that the entire charge shall be read and taken together; that you cannot pick out an isolated sentence or phrase and predicate error of some omission which is elsewhere supplied. It being impracticable to state all the various principles of law applicable to a case in one breath, or a single sentence, it is sufficient if, as a whole, the charge fairly covers all that is pertinent to the case, stated consistently and harmoniously. The present charge is not obnoxious to this requirement.

3. The definition of reasonable doubt was correctly given, and the omission in that connection to tell the jury that "the guilt of the defendant should be inconsistent with every other rational hypothesis" was not, in the absence of a request that it be given, erroneous.    There is nothing holding to the contrary in *People v. Gosset*, 93 Cal. 641.

4. Defendant complains in a very general way of portions of the charge as improperly discussing the facts and as being argumentative, and that the court by its language "has attempted to shift the burden of proof from the people to the defendant." The objectionable parts are referred to by reference to the page and folio, but counsel has not attempted, by argument or suggestion, to point out wherein the language of the charge is in any respect open to the criticism made, and we have not been able to discover it. A careful reading of the charge discloses no transgression of the right of the court to state the evidence, the purpose of which would seem to have been solely that of pointing its instructions and making their pertinency apparent to the jury. It assumes no fact as proven, and contains nothing in the way of argument thereon, nor anything calculated either expressly or by implication to indicate a shifting of the burden of proof to defendant.

5. The other points made do not require extended notice. There was no error in refusing defendant the right to ask the juror O'Connor how many murder cases he had sat on as a juror. It did not tend to show actual bias, and was not permissible for the purpose of determining whether to challenge peremptorily. (*People v. Hamilton*, 62 Cal. 377, 388.)

As to the misconduct of the district attorney, there was no objection made nor exception taken and it cannot be reviewed. (*People v. Kramer*, 117 Cal. 647.)

The affidavits in support of the motion for a new trial on the ground of newly discovered evidence do not make a showing either of diligence or as to the character of the evidence which would justify our interference with the order of the trial court on that ground. There was evidence before the jury warranting the inference that deceased and Cunningham went to the saloon looking for defendant to do him harm; and the newly discovered evidence was therefore merely cumulative.

We find no error in the record, and the judgment and order are affirmed.

Garoutte, J., Harrison, J., McFarland, J., Temple, J., and Henshaw, J., concurred.

Rehearing denied.