PEOPLE *v.* TOLLEFSON.

1. CRIMINAL LAW—TRIAL—FORGERY—ORDER OF PROOF—DISCRETION OF COURT.

    On a prosecution for forging a check, there is no abuse of discretion in receiving the check in evidence before the people have proved that it was forged.

2. FORGERY—TRIAL—EVIDENCE—CHECK—NONPAYMENT AND PROTEST.

    On a prosecution for forging a check, it is not error to admit evidence of nonpayment and protest of the check, though such circumstances, in themselves, are not evidence of forgery.

3. CRIMINAL LAW—EVIDENCE—ADMISSIONS.

    Where testimony relating to conversations with accused after his arrest, claimed to amount to admissions, was stricken out by the court as not establishing a confession or admission, and this court is not clear that the ruling striking out the testimony was correct, it cannot be said that it was prejudicial to receive the testimony.

4. SAME—HANDWRITING—BASIS OF COMPARISON—HARMLESS ERROR.

    Where, in a prosecution for forgery, the admission of a hotel register as a basis for comparison of handwriting was not objected to, and the question of its incompetency is first raised in this court, and the evidence leaves no doubt of respondent's guilt, the admission of the evidence will not be considered harmful.

Error to Ottawa; Padgham, J.   Submitted June 14,
1906.   (Docket No. 102.)   Decided July 24, 1906.

Wiley H.  Tollefson  was convicted of forgery, and
sentenced to imprisonment for not less than five years in
the branch of the State prison at Marquette.   Affirmed.

Respondent was convicted of the forgery of a check for
$15, dated Detroit, Mich., May 31, 1904, upon the Peo-
ple's Savings Bank of Detroit, purported to be drawn by
" C. E. Farnsworth & Co., C. E. F.," and indorsed, " W.
H. Tollefson."   Respondent introduced no testimony in
his own behalf, and the case was submitted to the jury
upon the people's evidence.   The evidence showed that
the respondent  presented  this  check  to the assistant
cashier of the National Bank of Grand Haven for pay-
ment; that he represented to said cashier that he was the
representative of the Cudahy Packing Company and was
selling beef extract to druggists, that C. E. Farnsworth
& Co. were the Michigan agents of said Cudahy Packing
Company, that he got his regular salary from that com-
pany, but that his expense money came from the Michi-
gan agents at Detroit, C. E. Farnsworth & Co., the
drawers of the check, and that the check was drawn for
that purpose; that the bank cashed the check, forwarded
it for collection, and that it was returned protested; that
the body of the check and the signature thereto were in
the same handwriting as the respondent's indorsement
upon the back; that no such firm as C. E. Farnsworth &
Co. could be found or was known in the city of Detroit;
that respondent was not employed by the Cudahy Pack-
ing Company in selling beef extracts to the drug trade,
and had no distributing agent in Detroit or anywhere in
Michigan by the name of C. E. Farnsworth & Co., and
that said company did not pay the traveling expenses of
its agents in that manner; and that no such firm as C.
E. Farnsworth & Co. had a deposit in the People's Sav-
ings Bank.

*Walter I. Lillie,* for appellant.

*Daniel F. Pagelsen,* Prosecuting Attorney, for the people.

GRANT, J. (*after stating the facts*).  1. It is urged that it was error to admit the check in evidence before the people had proved the forgery.  The order of proof is in the discretion of the circuit judge.  There was no abuse of discretion, and it is impossible to find that the admission of the check at the time was prejudicial to the respondent.

2. It was not error to admit proof of nonpayment and protest.  While of itself it was not evidence of forgery, it was competent to show as one of the circumstances of the transaction that the check was presented, and not paid.

3. The people introduced evidence of a conversation had with the respondent after his arrest, which was claimed by the prosecution to be an admission of guilt.  The court promptly struck the testimony out on the motion of the respondent, saying to the jury that the conversation " could not by any legal rule of evidence establish a confession or admission."  It is not clear that the ruling was correct, and that the statements made by the respondent did not imply guilt.  There was not, under the circumstances, any prejudicial error.

4. Error is assigned upon the introduction of the hotel register containing the signature of the respondent, where he had registered on the day of the commission of the crime.  The assistant cashier of the bank testified without objection that he had examined the defendant's signature upon the hotel register, had compared it with the signature upon the check, and that in his opinion they were in the same handwriting.  The witness was fully cross-examined as to the reasons for his opinion.  The hotel register was before the witness and the attorneys.  After the testimony of the witness was concluded the prosecuting attorney offered the register in evidence.  No objection was made that it was incompetent for the purpose of com-

parison of the handwriting within *First Nat. Bank of Houghton* v. *Robert,* 41 Mich. 711, and other similar cases. That objection is made in this court for the first time and is the only question argued. The expert witness having testified without objection to the comparison, we think the introduction of the register was harmless error, particularly in view of the fact that the evidence leaves no possible doubt of the respondent's guilt.

Conviction affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.