[Crim. No. 105. First Appellate District.—December 11, 1907.]

THE PEOPLE, Respondent, v. GRANT TRASK, Appellant.

CRIMINAL LAW—IMPANELING JURY—ACTION OF COURT NOT EXCEPTED TO—REVIEW UPON APPEAL.—The action of the court in questioning each of the twelve jurors first drawn in a criminal case, as to his qualifications, and in stating that all of them appeared *prima facie* qualified, but that either of them could be challenged for any statutory cause, making it clear that counsel had no right to challenge a juror on the *voir dire* in advance of a challenge to such juror, where no objection or exception appears to have been taken thereto, is not the subject of review upon appeal, whether erroneous or not.

ID.—PEREMPTORY CHALLENGES—EXAMINATION NOT ALLOWED.—The defendant is not entitled to put questions to jurors merely for the purpose of gaining information as to the advisability of exercising peremptory challenges.

ID.—CHARGE OF ROBBERY—IMMATERIAL QUESTIONS.—Where the charge to be tried is one of robbery, questions asked of each juror, whether he had served on a charge of robbery, and how many men he had convicted of robbery, and how long he had served in the criminal department, and as to his age, were properly overruled as incompetent, irrelevant and immaterial to the issue being tried.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

Wm. M. Gibson, for Appellant.

U. S. Webb, Attorney General, and W. H. Langdon, District Attorney, for Respondent.

HALL, J.—This is an appeal from a judgment convicting defendant of the crime of robbery, and also from the order denying his motion for a new trial.

The only reasons suggested why the judgment and order should be reversed grow out of the method adopted by the trial court for the impanelment of the jury to try defendant.

Immediately after the first twelve names had been drawn, and the persons so drawn had been sworn to answer questions, the judge of the court examined each of them as to his qualifications, and each by his answers showed himself possessed of all the statutory qualifications, and each answered that he had never heard of the case, did not know any of the parties, counsel or witnesses, and had no opinion as to the guilt or innocence of the defendant, and had never expressed any such opinion.    The judge thereupon announced that all of the jurors appeared *prima facie* to be qualified jurors, but that either counsel could challenge either one or all of the jurors for any statutory cause, and if such challenge was not denied by opposing counsel, the challenge would be allowed, and the juror excused without further examination; but that if the challenge was denied by opposing counsel, then, on the issue so made, the juror challenged could be questioned and examined by counsel on both sides.    The judge further gave at some length his reasons for the course thus adopted, making it quite clear that he did not consider that counsel had any right to examine a juror on the *voir dire* in advance of a challenge to such juror.

The brief of appellant is almost entirely devoted to a discussion of what he claims to be error in this action of the court.    But he nowhere points out where the bill of exceptions shows that he either objected or excepted to this action of the court, and after a diligent examination of the bill of exceptions we have not been able to find any such objection or exception noted therein.    Nowhere do we find that defendant's counsel objected to the court examining the jurors, or that he expressed any wish to examine them as to their qualifications before challenging, except that he did ask to be allowed to put three stated questions to each juror "solely for the purpose of determining whether he should exercise peremptory challenges."    Defendant having reserved no exception to the action of the court above set forth, we are not called upon to determine whether the course adopted by the court was erroneous or not.

Defendant asked permission to ask of each juror, before challenging either of them for cause, three questions, viz.: Where do you live?    What is your business?    Are you a man of family? "solely for the purpose of determining whether

he should exercise his peremptory challenges," as he himself stated.   The court refused to allow such questions to be put by counsel, or to put them himself, but stated that counsel could ask them subsequently should they become relevant or material to any challenge that might be interposed.   To this ruling defendant reserved an exception.  The court, however, did not err in so ruling.   Defendant is not entitled to put questions simply for the purpose of gaining information as to the advisability of exercising peremptory challenges. (*People* v. *Hamilton,* 62 Cal. 382; *People* v. *Brittan,* 118 Cal. 409, [50 Pac. 664].)   Defendant successively challenged each of the jurors "under subdivision 2 of section 1073 of the Penal Code," that is, for actual bias, and each of said challenges being denied by the district attorney, defendant asked each of said jurors the following questions, and no others, viz.: 1. Have you ever served as a juror on a charge of robbery?   2. How long have you served as a juror in this department of the superior court?   3. How many men have you ever convicted for robbery? and 4. What is your age? The court sustained the objection made by the district attorney that the questions were incompetent, irrelevant and immaterial to the issue being tried, and the defendant excepted.

An answer to any of the above questions could not have tended to show the state of mind of the juror with reference to the case or to either of the parties.   The questions were, therefore, irrelevant and immaterial to the question then being tried, and the objections were properly overruled. (*People* v. *Brittan,* 118 Cal. 409, [50 Pac. 664].)   No other evidence being offered, the court properly overruled the challenge to each of said jurors.

There being no other reasons suggested why the judgment or order should be reversed, both judgment and order are affirmed.

Cooper, P. J., and Kerrigan, J., concurred.