[Crim. No. 123. Second Appellate District.—December 10, 1909.]

## THE PEOPLE,. Respondent, v. K. B. OSBORN, Appellant.

CRIMINAL LAW—TRIAL—MISCONDUCT OF JUDGE—IRREGULARITY—ABSENCE OF EXCEPTION—REVIEW UPON APPEAL.—In the absence of a specific objection and exception taken to alleged misconduct of the trial judge in a criminal case, amounting to an irregularity in the proceedings, the appellate court is not authorized to pass upon the merits of the controversy.

ID.—RIGHT OF TRIAL COURT TO KNOW GROUND OF OBJECTION.—The trial court is always entitled to know the true character of the objection, and the reasons, if any, existing in the minds of the attorneys, why and for what the objection is urged, to the end that the court may intelligently consider the effect of what has been said by the court, and thus be afforded an opportunity to correct any irregularity by instruction or otherwise.

ID.—OBTAINING MONEY UNDER FALSE PRETENSES—SUPPORT OF VERDICT. It is held upon a review of the evidence that it fully supports the verdict of guilty of the charge made against the defendant of obtaining money under false pretenses, known by the defendant to be false.

ID.—CHARGE OF OBTAINING $1,000—BURDEN UPON STATE—INSTRUCTION PROPERLY REFUSED.—Although the charge was of obtaining $1,000 under false pretenses, it is not required that the prosecution shall prove the obtaining of that precise sum, and where there is no question but that defendant obtained more than $500 by false pretenses, the court properly refused an instruction that a conviction could not be had unless the full sum of $1,000 alleged to have been obtained was in fact received by defendant.

ID.—PROOF SUFFICIENT TO SUSTAIN CONVICTION.—Proof that the defendant received an amount in excess of fifty dollars by means of false pretenses would support the verdict of guilty under the information.

ID.—EVIDENCE—POLICY OF INSURANCE—CONNECTING DEFENDANT WITH FALSE PRETENSES.—The court properly admitted in evidence a policy of insurance connecting defendant with the transaction whereby the money was obtained under false pretenses.

ID.—PROPER INSTRUCTION AS TO PROVINCE OF JURY.—The court properly instructed the jury that they had no right to consider from any action of the court what the opinion of the court may be, and that they had no more right to consider the opinion of the court than that of anyone else, and that the question of the guilt or

innocence of the defendant is for the jury alone, regardless of what anybody else may think about it.

ID.—PROPER EXCLUSION OF EVIDENCE—FORMER INTEREST IN PROPERTY. Where there is nothing in the evidence from which it could be inferred that defendant, at the time of obtaining money by false pretenses, had any interest in the property involved, the court properly excluded evidence that several years previously he claimed an interest therein.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

C. W. Pendleton, and Henry W. Nisbet, for Appellant.

U. S. Webb, Attorney General, for Respondent.

ALLEN, P. J.—Appellant was tried by a jury and found guilty of obtaining money under false pretenses. A motion for a new trial was denied, from which order and the judgment of conviction appellant appeals. This court in a former opinion filed reversed the judgment and order denying a new trial upon the ground of misconduct upon the part of the trial judge amounting to an irregularity in the proceedings. Upon the application for a rehearing our attention is called for the first time to the fact that no exception was reserved at the time to the comment by the court upon the questions of fact forming the basis for such claim of irregularity. There is an exception appearing in the record in connection with the incident involved in the question of misconduct, but it appears that this exception was taken to the ruling of the court upon the admissibility of certain evidence, and not to the language of the court used in connection with the ruling. The trial court is always entitled to know the true character of the objection and the reasons, if any, existing in the minds of the attorneys why and for what the objection is urged, to the end that the court may intelligently consider the effect of what has been said by the court, and thus be afforded an opportunity to correct any irregularity either by instruction

or otherwise. In the absence of a specific objection and exception based upon misconduct, an appellate court is not authorized to pass upon the merits of the controversy. (*People* v. *Abbott*, 101 Cal. 645, [36 Pac. 129]; *People* v. *Ah Fook*, 64 Cal. 382, [1 Pac. 347]; *People* v. *Trask*, 7 Cal. App. 104, [93 Pac. 891].)

What is said in connection with the one specification above referred to applies with equal force to the other matters specified as error and based upon alleged misconduct and irregularity. The record discloses that many things were said, and suggestions made by the court, during the progress of the trial, which might have been omitted. But appellant is not in a position, having reserved no exception thereto at the time, to ask a consideration of the effect of such alleged misconduct.

Eliminating, then, from consideration all questions of misconduct not excepted to at the time, we find upon an examination of the record evidence tending to show the following facts: Appellant represented to one Larkin that she was the owner of a certain house and lot bearing number 1217 West Forty-fifth street, Los Angeles, and took Larkin to view said premises and stated to him that the title to same was standing in the name of one Watts as trustee for her, and that she desired to procure from Larkin a loan of $1,000 upon said property. As a matter of fact the house shown by defendant to Larkin was situated on lot 142, Normandie Avenue Tract, and was not owned by defendant, and she had no interest therein and no title was held thereto by Watts or any other person for her use or benefit. Larkin, believing her representations to be true, agreed to make the loan of $1,000, if appellant would procure a policy of insurance upon the dwelling as part of the security. It is shown that this property so shown to Larkin was worth at least $2,000, and that Larkin, relying upon the representations of appellant, delivered his check to an abstract company, with instruction to deliver the same to defendant whenever the trustee Watts should execute and deliver as security for the loan a deed of trust for the house and lot and, in addition, a policy of insurance covering the cottage. The instruction to the abstract company was in writing, but there is evidence tending to show that when the same was

signed by Larkin such instruction contained no designation
as to the lot number. It does appear, however, that with-
out Larkin's knowledge someone inserted in the instruction
a description of the property as lot No. 35, Normandie Ave-
nue Tract. About the time of the transaction, appellant had
entered into a contract to purchase, for $600, an unimproved
lot situate a block or so distant from No. 1217 West Forty-
fifth street, the same being lot 35, Normandie Avenue Tract,
upon which contract of purchase she paid $10, and no more,
and represented to the seller that she was buying it for
Watts. Appellant, after making arrangements with Lar-
kin for the loan, caused a deed of trust to be executed in the
name of Watts for lot 35, Normandie Avenue Tract, being
the vacant lot, and caused to be issued and delivered to Lar-
kin a policy of insurance upon the cottage known as 1217
West Forty-fifth street. Larkin, believing that the de-
scription in the deed of trust executed to him covered the
property shown to him as 1217 West Forty-fifth street, ac-
cepted the same as security for his loan, and the abstract
company applied the $1,000 represented by Larkin's check
to the payment of the $590 due from appellant on account
of the purchase of lot 35, and some other minor expenses,
and gave appellant a check for the balance, $383.70, which
check was payable to Watts, and, bearing the indorsement of
Watts and appellant, was subsequently paid by the bank
upon which it was drawn.

That every representation made by appellant in relation
to the property was false and known by her to be false,
and the same were made by her to Larkin for the purpose
of defrauding him, is established beyond question. In fact,
there was no evidence offered at the trial on the part of
defendant tending to rebut any evidence offered in sup-
port of the allegations of the information. The theory upon
which the defense appears to have been conducted was that
defendant at the time of committing the acts complained of
was insane. The verdict of the jury was adverse to appel-
lant upon this contention and the evidence fully warranted
its conclusion in that regard.

A great number of errors are assigned in appellant's brief,
the major portion of which are directed to claimed errors
on account of the action of the trial court in refusing cer-

tain instructions, notably among which was the refusal upon the part of the court to charge the jury, in effect, that a conviction could not be had unless the full sum of $1,000, alleged to have been obtained, was in fact actually received by defendant. We see no error in refusing this charge. That she did receive $590 of the money, or, at least, the full benefit thereof, in the purchase of lot 35, is unquestioned, and there are strong circumstances tending to show that she received all of the remainder of the money, or the benefit thereof. Aside from this, it is not incumbent upon the state to show that the full amount alleged to have been received was in fact actually obtained by reason of the false representations. Proof of receiving an amount in excess of $50 would be sufficient to sustain a verdict of guilty under the information in this case. (Pen. Code, secs. 487, 532.) We have examined carefully the instructions refused, and feel satisfied that, in so far as they are applicable or proper, the same were embodied in the instructions actually given by the court upon its own motion.

Error is claimed by reason of the admission in evidence of the policy of insurance covering the cottage. It is in evidence that defendant procured a witness to introduce her to an insurance agent, saying at the time that she wanted to procure insurance on a house; evidence that she was present when the policy was issued, and that this policy was subsequently delivered to Larkin, the complaining witness. This, in connection with her agreement with Larkin to procure a policy, was sufficient to connect her with the transaction, and were facts and circumstances sufficient to warrant the court in admitting in evidence the policy of insurance so issued and delivered.

We think there was no impropriety in giving the following instruction: "Rulings have been made by the court in your presence and questions have been asked of witnesses by the court. From these things, or from anything that has occurred in the trial, you are not to infer what the opinion of the court may be as to the guilt or innocence of the accused. With the court's opinion you have nothing whatever to do, and if you have even any suspicion of what the court may think in the matter, you have no right to consider it any more than you would have a right to consider

the opinion of anybody else. The question of the guilt or innocence of the defendant is for you alone, regardless of what anybody else may think about it.''

We see no prejudicial error in the action of the court denying to defendant the right to show that at some time prior to 1905 the defendant claimed to own some interest in the house situated on lot 142, and which had been moved thereon from some other lot. There is nothing in any of the evidence which could have the effect to show any facts from which it could be inferred that defendant had any claim or interest in the property at the time the representations were made, nor, in fact, for a period of years preceding.

Many other errors are assigned, but, in our opinion, they are without merit, and, considering the record all together, that there is no prejudicial error appearing therein warranting a judgment of reversal.

The judgment and order are therefore affirmed.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 7, 1910.