[Crim. No. 288.   First Appellate District.—February 15, 1911.]

## THE PEOPLE, Respondent, v. JOHN R. WALKER, Appellant.

CRIMINAL LAW—UTTERING AND PUBLISHING FICTITIOUS CHECK—INTENT TO DEFRAUD SAVINGS BANK—ACTUAL DEFRAUDING NOT ESSENTIAL.—Where defendant opened an account with a savings bank under an assumed name, and was charged with the crime of making, passing, uttering and publishing a fictitious check under such assumed name, with intent to defraud such bank, as defined in section 476 of the Penal Code, the essentials of the offense, which must be proved, are the uttering and publishing of the fictitious check with knowledge of its fictitious character, with intent to defraud the bank, but it is not essential to prove that defendant drew or attempted to draw on the account so established, or that the bank was in fact injured or defrauded by the transaction.

ID.—INTENT TO DEFRAUD A QUESTION FOR JURY.—The intent to defraud by depositing of the fictitious check to the credit of the savings bank account was a question exclusively for the jury, and such intent may be inferred by the jury from all the surrounding circumstances. The jury was not compelled to accept the defendant's statement of his intent and purpose in making the deposit.

ID.—OPPORTUNITY FOR FRAUD—SUPPORT OF VERDICT.—The establishment of the account, and the subsequent deposit of the fictitious check created an opportunity for the perpetration of a fraud upon the bank; and it is held that the facts and circumstances as revealed by the entire evidence fully warranted the jury in finding that the check in question was published and passed by the defendant with intent to defraud the bank.

ID.—CONFESSION OF PRIOR FELONY—CROSS-EXAMINATION OF DEFENDANT AS WITNESS—IMPEACHMENT.—When defendant took the witness-stand in his own behalf, he subjected himself to possible impeachment in the mode authorized by section 2051 of the Code of Civil Procedure; and notwithstanding defendant's confession of a prior conviction for a felony, it was proper on cross-examination,

for the purpose of impeachment, to ask him if he had ever been convicted of a felony.

ID.—REMARKS OF COURT PRIOR TO RULING—CONVERSATION WITH DISTRICT ATTORNEY—MISCONDUCT NOT ASSIGNABLE ERROR—WAIVER.— Where defendant at first answered without objection that he had been convicted of a felony, and upon objection for defendant subsequently made that section 1025 of the Penal Code forbade allusion to the prior conviction charged to which defendant pleaded guilty, and the court treated the objection as if covering the answer made, but made remarks before ruling thereon, which called for a reply of the district attorney, showing a prior conviction in another case pending in the same court, which were pertinent and proper to safeguard the defendant, any possibility of this resulting in injury to the defendant cannot be considered as misconduct upon appeal, in the absence of an objection to the same, coupled with a specific assignment of misconduct made at the time of the trial.

ID.—OBJECTION MADE PROPERLY OVERRULED.—The objection urged to the question answered by the witness, assuming it to have been seasonably made, was properly overruled and the evidence of the impeachment of defendant for prior conviction of a felony allowed to stand.

ID.—PRESENTATION OF FICTITIOUS CHECK BY MESSENGER OF SAVINGS BANK—PROOF OF NONPAYMENT—HEARSAY EVIDENCE—MOTION TO STRIKE OUT WAIVED.—Where the fictitious check was drawn in the true name of defendant on another bank and was indorsed in his fictitious name to the savings bank, evidence of a messenger of the savings bank that he presented the check to the bank on which it was drawn, but that it was not paid, was hearsay, but where it was received without objection on that ground, a motion to strike it out as hearsay is waived.

ID.—BASIS OF MOTION TO STRIKE OUT EVIDENCE.—A motion to strike out evidence must be based upon an objection previously stated, which assumes that an opportunity to object presented itself as in this case.

ID.—PROPER EVIDENCE OF TELLER OF BANK TO SHOW PRIMA FACIE EVIDENCE OF FICTITIOUS CHECK.—The teller of the bank on which the fictitious check was drawn was properly admitted to show by the books of the bank that defendant had no money or account therein, as *prima facie* evidence that the check was fictitious.

ID.—OBJECTION TO EVIDENCE NOT SEASONABLY MADE—RULING NOT REQUIRED.—The court was not required to rule upon any objection to evidence which was not seasonably made.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Wm. P. Lawlor, Judge.

15 Cal. App.—26

The facts are stated in the opinion of the court.

Philip Boardman, and J. K. Ross, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

LENNON, P. J.—The defendant was charged with the crime of making, passing, uttering and publishing a fictitious check as defined by section 476 of the Penal Code. Included in the information is a charge of prior conviction of the crime of forgery committed in the state of Missouri. When arraigned upon the information the defendant pleaded "not guilty," and confessed the prior conviction. Upon his trial he was found guilty "as charged in the information herein—in having uttered, published and passed the check set forth in said information in the manner and form alleged therein." The defendant was sentenced to a term of fourteen years in the state prison at Folsom, and his appeal is from the judgment of final conviction and the order denying his motion for a new trial.

It is not disputed by counsel for the defendant that the evidence on the whole case supports the finding of the jury that the check was fictitious, and was uttered and published by the defendant; but it is contended that the evidence is insufficient to warrant the finding of a fraudulent intent on the part of the defendant.

From the evidence offered and received at the trial in support of the case for the people it appears that a few days prior to the eleventh day of April, 1910, the defendant opened an account with the Savings and Loan Society of San Francisco in the assumed name of "Harvey Monig"—the defendant representing himself at that time to be Harvey Monig. Thereupon the usual pass-book of the bank was issued to the defendant in the name of Harvey Monig. Subsequently, on the eleventh day of April, 1910, the defendant again appeared at the place of business of the Savings and Loan Society, and presented to the cashier of that institution for deposit the sum of two dollars in silver coin and a check calling for the sum of forty-three dollars. The check was drawn on the International Banking Corporation of San Francisco,

payable to Harvey Monig, and purporting to have been made and signed by one "Robert D. Metcalf." The check and money were received and accepted by the bank for deposit only. The defendant was then credited in his pass-book and in the books of the Savings and Loan Society with the sum of forty-five dollars. The check at the time it was presented and received for deposit was indorsed "Robert D. Metcalf" and "Harvey Monig." In due course the check was presented for payment by the Savings and Loan Society to the bank upon which it was drawn. Robert D. Metcalf did not have an account there, and the check was returned to the Savings and Loan Society unsatisfied with the notation "Has no funds" inscribed thereon.

To the arresting officers the defendant freely and voluntarily admitted that he knew the check was fictitious at the time he deposited it with the bank. The defendant did not draw or attempt to draw on the account which he had opened with the Savings and Loan Society; and it is conceded by the people that the bank was not in fact defrauded or injured by the transaction.

The defendant, as a witness on his own behalf, claimed that he had deposited the check with the bank for collection only, and without any intention to defraud. Aside from this his testimony was limited in effect to a denial that he knew, or ever admitted knowing, the check to be fictitious at the time of its utterance. His reason for assuming the name of Harvey Monig was neither clear nor convincing; and the explanation that he gave of how or from whom he received the check was weak and improbable, but, if true, tended strongly to support the inference of knowledge at all times on his part that the check was spurious.

The uttering and publishing of a fictitious check with knowledge of its character and an intent to defraud are the essentials of the offense of which the defendant was found guilty. It was not essential for the people to prove that the defendant drew or attempted to draw on the account which he had established; or that the bank was in fact injured or defrauded by the transaction. (*People* v. *Turner,* 113 Cal. 281, [45 Pac. 331]; *Arnold* v. *Cost,* 3 Gill & J. (Md.) 219, [22 Am. Dec. 302]; 3 Greenleaf on Evidence, sec. 103.) The intent with which the check in question was deposited was a

question exclusively for the jury; and the intent with which a person does an act may be inferred from all the surrounding circumstances. The jury was not compelled to accept the defendant's statement of his intent and purpose in making the deposit. The establishment of the account and the subsequent deposit of the check created an opportunity for the perpetration of a fraud upon the bank; and we are of the opinion that the facts and circumstances of the case as revealed by the entire evidence fully warranted the jury in finding that the check in question was uttered, published and passed by the defendant with intent to defraud the bank.

While the defendant was on the witness-stand in his own behalf the district attorney on cross-examination asked him if he had ever been convicted of a felony. The question was answered in the affirmative without any objection being interposed. However, an objection was subsequently made to the question upon the ground, in substance, that the defendant having confessed a prior conviction upon his arraignment, the people were precluded, by the terms of section 1025 of the Penal Code, from again alluding to the subject in the presence of the jury. The objection was overruled—the court apparently treating the objection as having been made prior to the answer. Complaint is now made of the ruling, and also for the first time of the court's remarks preceding the ruling. The court's remarks and the reply of the district attorney prior to the ruling were pertinent and proper, and seemingly were intended to safeguard the defendant against the evil results of what might have been an unwarranted or, to the defendant, a misleading question. The court, for its guidance in ruling on the question, was privileged to know what was in the mind of the district attorney, and it was the latter's duty to reply. The discussion revealed the fact of another conviction still pending against the defendant in the same court. The possibility of this resulting in injury to the defendant cannot be considered by this court, however, in the absence of an objection, coupled with a specific assignment of misconduct, made at the time of the trial. (*People* v. *Shem Ah Fook*, 64 Cal. 382, [1 Pac. 347]; *People* v. *Abbott*, 101 Cal. 646, [36 Pac. 129]; *People* v. *Trask*, 7 Cal. App. 104, [93 Pac. 891]; *People* v. *Osborn*, 12 Cal. App. 148, [106 Pac. 891].)

The objection itself (assuming it to have been seasonably made) was properly overruled. When the defendant took the witness-stand in his own behalf he subjected himself to possible impeachment in the mode authorized by section 2051 of the Code of Civil Procedure (*People* v. *Hickman,* 113 Cal. 80, [45 Pac. 175]; *People* v. *Mayes,* 113 Cal. 624, [45 Pac. 860]); and therefore, notwithstanding defendant's confession of a prior conviction, it was proper on cross-examination, for the purpose of impeachment, to ask him if he had ever been convicted of a felony. (*People* v. *Crowley,* 100 Cal. 479, [35 Pac. 84]; *People* v. *Arnold,* 116 Cal. 686, [48 Pac. 803].)

The criticism of the trial court's explanation of the phrase "evidence in the case," as used in the usual and approved definition of a reasonable doubt, is hypercritical, and does not require extended notice.

Charles F. Waller, the messenger of the Savings and Loan Society, was called as a witness for the people, and without objection testified that he saw the check in question on the twelfth day of April, 1910. At this point the following occurred:

"Mr. Berry (for the people): Q. Where did you see it?

"Mr. Ross (for the defense): We want to interpose an objection now in advance as to anything that was done with this check after the 11th.

"The Court: The objection is overruled."

The witness answered this question, and then, in response to further questions of the district attorney, and without any further objection or attempted objection from the defense, testified in substance that he presented the check to the International Banking Corporation for collection and that payment was refused. This, and everything else testified to by the witness as having been said and done by him and others in an effort to collect the check, was not said or done in the presence of the defendant. In a word, all of the evidence elicited from the witness was clearly hearsay, and therefore incompetent. When the witness referred to concluded his testimony a motion was made by the defense to strike out the evidence given "upon the ground that he was attempting to testify to facts that occurred after the commission of the offense." This motion was eventually denied.

Evidence of the nonpayment of the check, and of the fact
that Robert D. Metcalf did not have an account with the In-
ternational Banking Corporation, was admissible (*Williams*,
v. *State,* 126 Ala. 57, [28 South. 632]; *People* v. *Tollefson,*
145 Mich. 444, [108 N. W. 751]); but hearsay testimony was
not competent to establish these facts.   However, treating the
objection as a timely one, and conceding the testimony to be
hearsay, and therefore incompetent, the court did not err in
its ruling, because neither incompetency nor any other legal
ground of objection was specifically stated.   (*People* v. *Chee
Kee,* 61 Cal. 404.)   It was not error for the court to refuse
to strike out the evidence in question.   A motion to strike
out evidence must be based upon an objection previously
stated.   (*People* v. *Long,* 43 Cal. 444; *People* v. *Rolfe,* 61
Cal. 542.)   This, of course, assumes that an opportunity to ob-
ject presented itself, as it did in this case.   Failure to specify
the grounds of an objection is in effect a waiver of the objec-
tion (*People* v. *Baird,* 105 Cal. 126, [38 Pac. 633]), and
therefore in this case the motion to strike out was without
the foundation of a valid objection to support it, and was
properly denied.   (*People* v. *Nelson,* 85 Cal. 428, [24 Pac.
1006].)

James E. Orbison, the receiving teller of the International
Banking Corporation, as a witness for the people testified
without objection that Robert D. Metcalf "had no account
at any time with the bank; there was no such name in the
accounts of the corporation, and if the books were produced
they would show there was no such account."   Upon the sug-
gestion of the court that there was no foundation for the tes-
timony given in reference to the contents of the books, the
witness was withdrawn, and his testimony in this particular
stricken out.   The order striking out did not, as far as we
can ascertain from the record, include the testimony of the
witness given without objection that Robert D. Metcalf had
no account at any time with the bank.   Later this witness
was recalled, and had with him a book of the bank showing
the names of its depositors, beginning with the twenty-fifth
day of March, 1910, and ending with the thirtieth day of
June, 1910.   The sum and substance of the evidence given at
this time by the witness is contained in the following question
and answer:

"Mr. Berry: Q. Referring to that book, will you state whether or not the name of Robert D. Metcalf appears as a depositor of the International Banking Corporation during the time covered by that record before you? A. No, sir."

After the answer of the witness to the question had been given, Mr. Boardman, associate counsel for the defendant, said: "I understand that our objection goes to each question on the ground it does not tend to prove it was a fictitious check or the nonexistence of any such person." This was in effect an objection to the question quoted; but the court did not rule upon it. The objection was not seasonably made, and the court was therefore not required to rule upon it. In any event, the testimony was admissible as *prima facie* evidence that the check was fictitious. (*People* v. *Eppinger*, 105 Cal. 36, [38 Pac. 538]; *Williams* v. *State*, 126 Ala. 57, [28 South. 632]; 3 Greenleaf on Evidence, sec. 109.)

The judgment and order are affirmed.

Kerrigan, J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 15, 1911.