[Crim. No. 750. Second Appellate District, Division Two.—April 29, 1921.]

## THE PEOPLE, Respondent, v. GASPARD M. MARSIGLIA, Appellant.

[1] CRIMINAL LAW—APPEAL—IMPROPER QUESTIONS—WHEN NOT REVIEWABLE.—Alleged error in permitting the prosecution to ask leading, suggestive, and impeaching questions cannot be considered on appeal where the questions are not pointed out.

[2] ID.—IDENTIFICATION—IMPEACHMENT OF WITNESS—CONTRADICTORY TESTIMONY AT PRELIMINARY EXAMINATION.—Where a witness called for the prosecution failed to identify the defendant as one of the men who committed the offenses charged, it was not error to permit the district attorney, over objection that the question was argumentative, leading, and suggestive, to read from the testimony of the witness at the preliminary examination contradicting his present testimony.

[3] ID.—MISCONDUCT OF COURT—APPEAL—WHEN NOT REVIEWABLE.—Misconduct on the part of the court will not be considered on appeal unless the party complaining promptly makes assignment of misconduct thereon, so that the court may be given an opportunity to correct the irregularity and prevent prejudicial ruling.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

LeRoy D. Barnett for Appellant.

U. S. Webb, Attorney-General, and Arthur Keetch, Deputy Attorney-General for Respondent.

CRAIG, J.—The defendant was convicted of the crime of robbery and also of the crime of rape. The cases were consolidated and tried together. The appeal is taken from the judgment and order denying motion for new trial. On the night of February 17, 1920, it was charged that Marsiglia and his two codefendants, Mike B. Gonzales and Frank Macchiaroli, at the point of revolvers, held up and robbed Leon Esquerre and Marie Gracienne and committed the crime of rape against Marie Gracienne. On the trial Esquerre and Marie Gracienne testified to the facts constituting the offenses and a written confession signed by all three of the defendants was introduced in evidence. The defendant Marsiglia alone appeals at this time.

[1] Appellant has made three assignments of error. In the first two it is asserted that the court erroneously permitted the prosecution to ask "leading, suggestive, and impeaching questions." The questions complained of are not pointed out, and under such a circumstance the record is not in such a condition as to justify a consideration of these assignments of error upon appeal. (*People* v. *McLean,* 135 Cal. 306, [67 Pac. 770]; *People* v. *Cebulla,* 137 Cal. 314, [70 Pac. 181]; *People* v. *Woon Tuck Wo,* 120 Cal. 297, [52 Pac. 833].)

[2] However, from the discussion in appellant's brief and a careful perusal of the record we conclude that the rulings complained of were those permitting the prosecuting attorney to ask of certain witnesses for the prosecution questions concerning testimony given by them at the preliminary examination. This was done in connection with the witness Marie Gracienne and also the witness Esquerre. Section 2052 of the Code of Civil Procedure provides: "A witness may also be impeached by evidence that he has made, at

other times, statements inconsistent, with his present tes-
timony; but before this can be done the statements must be
related to him, with the circumstances of time, places, and
persons present, and he must be asked whether he made
such statements, and if so, allowed to explain them. If the
statements be in writing, they must be shown to the witness
before any question is put to him concerning them." Es-
querre was called as a witness for the prosecution. He tes-
tified that he could not identify the defendant Macchiaroli
as one of the men who committed the offenses charged.
Whereupon the prosecuting attorney, over the objection that
the question was "argumentative, leading, and suggestive"
and "incompetent, irrelevant, and immaterial and not
proper direct examination, leading, and suggestive," and
also tending "to impeach his own witness," was permitted
to read from the transcript of the testimony of Esquerre
given at the preliminary hearing in the same case as fol-
lows: "Q. Now, what two took her out of the machine and
across the street? A. Those two over there. Q. Referring
to Gonzales and Marsiglia? A. Yes, sir," and the witness
was asked if he so testified. Other similar excerpts were
read from the transcript which clearly contradicted the tes-
timony of the witness then on the stand to the effect that
he could not identify Marsiglia as having been present and
having taken part in the commission of the robbery and
rape.

None of the objections made by counsel were meritorious.
It was not objected that the witness was not shown the tran-
script of the testimony given by him at the preliminary
examination before being questioned concerning it nor that
the prosecuting attorney did not indicate surprise at the
testimony of the witness in failing to identify Marsiglia.
Had these matters been called to the attention of the trial
court by proper objections, no doubt the prosecuting at-
torney would have been required to lay a more complete
foundation before his impeaching questions would have been
permitted. However, in so far as the preliminary question
of surprise is concerned, that is a matter addressed to the
sound discretion of the trial court. (*Zipperlin* v. *Southern
Pac. Co.*, 7 Cal. App. 206, 93 Pac. 1049].) In this instance
the complete change in the witness' testimony was properly

regarded by the trial court as sufficient indication of the prosecuting attorney's surprise.

It is claimed by respondent that the questions addressed to the witness Marie Gracienne were merely to refresh her memory. But construing them favorably to the defendant, the most that can be said is that this witness was impeached by the prosecuting attorney who had called her in the same way and on the same point and under the same circumstances as was Esquerre.

[3] The third ground of appeal is based upon a statement of the trial court made in the presence of the jury. Appellant contends that the court invaded the province of the jury. The statement made by the trial court of which complaint is made is as follows: "It does not appear to me that the alleged confession or the so-called statement was procured by force or by threats or by promises." Objection to the admission of the written confession had been made and the quotation from the court occurs in the transcript at the point where the objection was about to be passed upon. The court's language to which exception is taken was not objected to at the time. It is well settled that misconduct on the part of the court will not be considered on appeal unless the party complaining promptly made assignment of misconduct thereon, so that the court might be given an opportunity to correct the irregularity and prevent prejudicial ruling. It cannot be said that the remark complained of in this case was of such character that any influence which it might have had upon the minds of the jurors could not have been removed if timely objection had been made by counsel for the defendant. Under such circumstances it is well settled that the assignment of misconduct cannot be given consideration on appeal. (*People* v. *Osborn*, 12 Cal. App. 148, [106 Pac. 891]; *People* v. *Walker*, 15 Cal. App. 400, [114 Pac. 1009]; *People* v. *MacDonald*, 167 Cal. 545, [140 Pac. 256].)

Judgment affirmed.

Finlayson, P. J., and Works, J., concurred.