[Crim. No. 1317.  First Appellate District, Division One.—January 14, 1927.]

THE PEOPLE, Respondent, v. ALVIN EMMONS et al., Appellants.

[1] CRIMINAL LAW — MISCONDUCT OF DISTRICT ATTORNEY — IMPROPER QUESTIONS—FAILURE TO OBJECT—APPEAL.—Where the alleged misconduct relied upon for a reversal consists of questions relating to defendant's former conviction of various offenses and his escape from certain penal institutions, but the record on appeal shows that the alleged misconduct was not objected to nor assigned as prejudicial, it cannot be reviewed upon appeal.

[2] ID.—ACCUSATORY STATEMENTS—SILENCE OF ACCUSED—EVIDENCE—INSTRUCTIONS.—While a statement made in the presence of the accused is not admissible as being itself evidence of any fact narrated in such statement, it is admissible primarily for the purpose of showing that the accused acquiesced in the statement either by express assent, or by silence, or by such conduct as fairly implied assent; and it is not error to instruct the jury that, where one is confronted by an accusatory statement under circumstances that afford him an opportunity to reply and he

1.  See 8 Cal. Jur. 509; 2 R. C. L. 90.
2.  See 8 Cal. Jur. 103; 8 R. C. L. 192.

stands mute, "the fact of his standing mute may be taken . . .
as an admission of the truth of the statements or the facts in
the statements."

(1) 17 **C. J.**, p. 56, n. 16, p. 59, n. 37, p. 183, n. 63.   (2) 16 **C. J.**,
p. 631, n. 68, p. 1004, n. 41.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order
denying a new trial.   Pat. R. Parker, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Nathan C. Coghlan for Appellants.

U. S. Webb, Attorney-General, and Wm. F. Cleary,
Deputy Attorney-General, for Respondent.

TYLER, P. J.—Defendants were accused of the crime of
robbery in the first degree.   The information in substance
alleged that on August 21, 1925, they unlawfully took and
carried away from the person and possession of one George
F. Neely, an agent of the Standard Oil Company, money
and other personal property of the approximate value of
$1,240 and that such act was accomplished through putting
said Neely in fear.
. Subsequent to the commission of the act defendants were
taken into custody and both made statements admitting
their guilt.   Upon the trial they both pleaded not guilty.
They were convicted and sentenced to the state prison.
They appealed from the judgment and order denying a
new trial.   The appeal as to Emmons has been dismissed.
It is urged on behalf of Richardson, as ground for reversal,
that the district attorney was guilty of prejudicial miscon-
duct resulting in a miscarriage of justice.   It is also claimed
that the trial court erred in instructing the jury.   The
evidence upon which the prosecution relied for a conviction
was the positive testimony of the victim of the robbery in
identifying both defendants as the perpetrators of the crime,
the extrajudicial confession of appellant and the extrajudi-
cial confession of appellant's co-defendant, together with
evidence showing that it was read to appellant and that in
the face of such accusation he stood mute.   **[1]**   The

misconduct relied upon for a reversal consisted of questions relating to appellant's former conviction of various offenses, and his escape from certain penal institutions. The record shows, however, that the alleged misconduct was not objected to nor assigned as prejudicial. Under these circumstances it cannot be reviewed upon appeal. (*People* v. *Brittan*, 118 Cal. 409 [50 Pac. 664].) **[2]** Nor is there any merit in appellant's claim that the court committed error in instructing the jury. The jury was charged with regard to the confession of appellant's co-defendant as follows: "A statement of one defendant is not proof of facts concerning another. For instance, if the defendant whose statement was first read to you has made certain statements regarding the codefendant, that in itself is not independent of any evidence which is binding upon his codefendant. However, another principle of law invokes itself. One who is confronted by an accusatory statement, it is the well-settled law of this state, if he stands mute when so confronted under circumstances which afford him an opportunity to reply, the fact of his standing mute may be taken by you as an admission of the truth of the statements or the facts in the statements which may have been read to him."

It is appellant's contention that the portion of the instruction with reference to the action of a defendant in standing mute when accused is erroneous.

We do not so consider it. It is well established that while a statement made in the presence of the accused is not admissible as being itself evidence of any fact narrated in such statement, it is admissible primarily for the purpose of showing that the accused acquiesced in the statement either by express assent, or by silence, or by such conduct as fairly implied assent. (*People* v. *Mallon*, 103 Cal. 513 [37 Pac. 512]; *People* v. *Ong Foo*, 182 Cal. 697, 702 [189 Pac. 690].) This is all the instruction meant to imply.

The appeal is without merit.

The judgment and order are affirmed as to appellant Richardson.

Knight, J., and Campbell, J., *pro tem.*, concurred.